MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ. CA Bar #66849
MICHELE THOMPSON, ESQ. CA Bar #241676
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Prospective Counsel for
Gabriel Technologies Corporation, Debtor

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No.13-30340 |
| GABRIEL TECHNOLOGIES CORPORATION, a Delaware corporation, | Chapter 11 |
| Debtor. | |
| E.I.N. ****2052 | |

### DEBTORS' EX PARTE MOTION FOR
### JOINT ADMINISTRATION OF CHAPTER 11 CASES

GABRIEL TECHNOLOGIES CORPORATION ("Gabriel"), the debtor-in-possession herein, along with its affiliated company TRACE TECHNOLOGIES, LLC ("Trace"), also a debtor-in-possession (collectively, the "Debtors"), hereby move the above-captioned Court for entry of an order directing joint administration of the above-captioned cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support thereof, the Debtors respectfully represent as follows:

### I.    JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are Sections 105(a), 361, 363, 541, 1107(a), and 1108 of the Bankruptcy Code.

1

MEYERS LAW GROUP, P.C.
LAW OFFICES
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

LAW OFFICES

**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

## II. STATEMENT OF FACTS

The following facts are established by the record of this Court and the declaration of George Tingo, Jr. (the "Tingo Declaration") filed concurrently herewith:

1.     Gabriel filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 14, 2013 (the "Petition Date"). Gabriel continues to operate its business as a debtor in possession pursuant to the provisions of Sections 1107(a) and 1108 of the Bankruptcy Code, no trustee having been appointed.

2.     Trace also filed a voluntary chapter 11 petition for relief on the Petition Date. Concurrently herewith, Trace has filed a motion seeking joint administration of their cases.

### A.     Prepetition Background

3.     Gabriel, founded in 2003, is a publicly traded technology corporation currently headquartered in San Francisco, California. Gabriel, through its subsidiary Trace, holds significant intellectual property assets directed toward location-based products and services through global positioning systems.

4.     Trace, a Nevada limited liability company, was created as a joint venture between Loc8.net, also known as Locate Networks, Inc. ("Locate"), and Gabriel. Trace subsequently acquired substantially all of the assets of Locate, including all rights and interests that Locate maintained under a license agreement with SnapTrack, Inc. ("SnapTrack"). Gabriel then acquired all membership interests in Trace, which today operates as a wholly-owned subsidiary of Gabriel.

5.     Prior to 2008, Trace provided wholesale location services to devices supporting wireless assisted-global positioning system technology in North America. The service combined conventional and assisted global positioning systems, wireless communications, and the Internet to enable the location and tracking of mobile assets and people. Trace's services were developed for use in various applications, including roadside assistance, medical, mobile commerce, games, personal, and entertainment.

6.     By 2008, however, Trace and Gabriel had wound down active sales operations, due to a lack of funding and activities of Qualcomm Incorporated ("Qualcomm") that the Debtors believed violated intellectual property rights owned by Trace and damaged those sales operations.

2

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

## B.    Qualcomm Litigation

7.    Qualcomm is a large, publicly owned corporation involved in wireless technology, among other sectors.  Qualcomm's announcements and reports indicate that the company holds a portfolio of patents relating to its wireless technology, and licenses those patents to mobile phone manufacturers.

8.    On January 26, 2000, Qualcomm announced that it was acquiring SnapTrack for approximately $1 billion in stock.  Shortly thereafter, on March 2, 2000, Qualcomm announced that it had completed the acquisition of SnapTrack, which became a wholly owned subsidiary of Qualcomm (the "Qualcomm Acquisition").

9.    The Debtors believe that some of the patents acquired in the Qualcomm Acquisition were derived from or identical to intellectual property owned by the Debtors.  Consequently, on October 24, 2008, the Debtors filed a complaint (the "Complaint") against Qualcomm, initiating a civil action entitled *Gabriel Technologies Corporation, et.al. v. Qualcomm Incorporated, et. al*., case no. 08CV1992 (the "Qualcomm Litigation") in the United States District Court for the Southern District of California (the "District Court").  The Complaint charged Qualcomm, SnapTrack and Norman Krasner ("Krasner"), a founding member of SnapTrack (collectively, the "Defendants"), with preparing, prosecuting and procuring domestic and foreign patents based on intellectual property belonging to the Debtors.

10.    Discovery ensued, and on or about September 27, 2011, the Defendants filed a motion for partial summary judgment against the Debtors.  The motion was vigorously opposed by the Debtors through Debtors Counsel, Hughes, Hubbard & Reed, but after multiple hearings, on or about March 13, 2012, the District Court issued its order granting in part the Defendants' summary judgment motion.  Thereafter, on August 10, 2012, the Defendants filed a second summary judgment requesting that the District Court grant summary judgment in their favor as to all remaining claims.  Once again, the motion was vigorously opposed by the Debtors through Debtors Counsel, Hughes, Hubbard & Reed, but on September 28, 2012, the District Court issued its order granting the Defendants' second summary judgment motion, effectively concluding the litigation in the District Court (the "Judgment").

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

11.     Subsequently, the Defendants filed their motion for attorneys' fees requesting that the District Court award against the Debtors the sum of $13,465,331.01 for fees allegedly incurred in defending against the Complaint. On February 1, 2013, prior to the Debtors' commencement of their chapter 11 cases, the District Court entered its order (the "Fee Order") against the Debtors granting payment of attorneys' fees in the amount of $12,401.014.51.

12.     The Debtors believe that both the Judgment and the Fee Order are unjust and contrary to applicable law, and the Debtors intend to vigorously challenge those rulings by appeal to the United States Court of Appeals for the Federal Circuit. The Debtors believe that they will prevail on appeal, and have retained the same counsel, Hughes Hubbard & Reed, as represented them before the District Court to pursue the appeal.

13.     After issuance of the District Court's order and prior to the Petition Date, the Debtors endeavored to obtain a bond to prevent enforcement of the Fee Order. However, the Debtors determined that the cost of the bond would exceed $15 million, an amount far beyond the Debtors' limited resources.

14.     Therefore, in order to prevent immediate enforcement of the Fee Order and dismemberment of the Debtors' assets, and to avoid significant disruption, impediment and injustice to the Debtors' and their secured and unsecured creditors, the Debtors filed their voluntary petitions for relief in chapter 11.

15.     As of the Petition Date, the Debtors' primary obligations consisted of liability under the Fee Order, subject to appeal, together with secured debt of approximately $4,000,000, and unsecured debt of approximately $12 million.

16.     The Debtors are co-obligors with respect to most or all of their liabilities, and the issues and administrative events likely to occur in each of their chapter 11 cases are common to both. Motions filed in both cases are likely to be duplicative and concurrent. Therefore, for purposes of convenience and efficiency for all parties, the Debtors believe that joint administration of their cases is in the best interests of the estates herein.

LAW OFFICES
**MEYERS LAW GROUP, P. C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

17. The Debtors are "affiliates," as that term is defined under Section 101(2) of the Bankruptcy Code, in that Trace is the wholly owned subsidiary of Gabriel, among other determinative factors.

### III.  RELIEF REQUESTED

By this motion, the Debtors seek entry of an order directing joint administration of these two chapter 11 cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b), before the Honorable Dennis Montali of this Court, for the convenience and efficiency of the Court and all parties in interest.

### IV.  DISCUSSION

Bankruptcy Rule 1015(b) provides that if two (2) or more petitions for relief are pending in the same court by or against a debtor and its affiliate, the court may order joint administration of the cases.  Under Section 101(2) of the Bankruptcy Code, "affiliate" includes an entity that owns, controls, or holds with the power to vote, 20 percent or more of the debtor's voting securities. 11 U.S.C. § 101(2)(A); *see also In re Enterprise Acquisition Partners, Inc.*, 319 B.R. 626, 633 (9th Cir. B.A.P. 2004) (holding that an "affiliate" is defined to include an entity that owns 20 percent or more of the debtor's voting stock.); *see also* 12 Am. Bankr. Inst. L. Rev. 139, 177 ("Every subsidiary is an affiliate under section 101(2).").  On this basis alone, even aside from other determinative factors, it is evident that the Debtors are affiliates of each other.

In addition, joint administration will benefit all parties in greater efficiency and convenience. Joint administration of the Debtors' chapter 11 cases will avoid duplicative notices, applications and orders, thereby saving the Debtors, the Court and creditors considerable time and expense.  The Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files.

Further, it is appropriate that the cases be jointly administered in the case file for the Gabriel chapter 11 case, because that case was first filed, having the lowest case number, as contemplated by Local Rule 1015-1.

Accordingly, the Debtors respectfully propose that the caption of both of the Debtors' chapter 11 cases be modified to reflect the joint administration of these cases, as follows:

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 13-30340 |
| | (Case no. 13-30341) |
| GABRIEL TECHNOLOGIES CORP. *et al* | |
| | Chapter 11 |
| Debtors. | |
| | Jointly Administered |
| E.I.N.s*****2052 ; ****1149 | |

The Debtors also seek the Court's direction that a notation be entered on the docket in each of the chapter 11 cases to reflect the joint administration of these cases, including noting the entry of an order directing the procedural consolidation and joint administration, and that parties in interest should consult the case docket for the Gabriel chapter 11 case for all matters affecting both cases.

## V.  NOTICE

Notice of this Motion has been provided to the United States Trustee, all creditors on the creditors' matrix, and all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that such notice is reasonable and just in the cases cited herein.

## VI.  CONCLUSION

WHEREFORE, based upon all of the foregoing, the Debtors respectfully request that this Court enter an order, substantially in the form of **Exhibit "A"** attached to the Tingo Declaration, granting the relief herein requested and such other and further relief as the Court deems just and proper.

DATED:  February 14, 2013

MEYERS LAW GROUP, P.C.

By ___/s/  Merle C. Meyers___
Merle C. Meyers, Esq.
Prospective Attorneys for Gabriel Technologies
Corporation, Debtor

6