Entered on Docket
May 28, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: May 27, 2013

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                                ) Bankruptcy Case
                                     ) No. 13-30340DM
GABRIEL TECHNOLOGIES CORP., et al.,) (No. 13-30341)
                                     )
                            Debtors. ) Chapter 11
_____ )
```

MEMORANDUM DECISION ON MOTION FOR CONVERSION TO
CHAPTER 7 OR APPOINTMENT OF A CHAPTER 11 TRUSTEE

I.  INTRODUCTION

On April 3, 2013, Qualcomm Incorporated ("Qualcomm") filed a Motion By Qualcomm Incorporated, Pursuant To 11 U.S.C. § 1112 For Conversion To Cases Under Chapter 7 Or, In The Alternative, For Appointment Of A Chapter 11 Trustee, For Cause (the "Motion") (Docket No. 40).  Debtors, Gabriel Technologies Corporation and Trace Technologies LLC ("Debtors"), opposed the Motion.  The Official Committee of Unsecured Creditors ("Committee") filed a Statement Of Position opposing the Motion.  The matter was fully briefed and argued before the court on May 17, 2013.

For the reasons explained below, the court will deny the Motion.

Case: 13-30340   Doc# 117   Filed: 05/27/13   Entered: 05/28/13 10:36:16   Page 1 of 8

II.  DISCUSSION[1]

On February 1, 2013, the United States District Court for the Southern District of California, in an action there by Debtors against Qualcomm and other defendants for misappropriation of intellectual property and related patent disputes (the "District Court Action"), entered an order directing Debtors to pay Qualcomm and the two other parties nearly $12-1/2 million in attorneys' fees; after credit of an $800,000 bond that had been posted in Qualcomm's favor, Debtors were ordered to pay the remaining amount of over $11-1/2 million.  That outcome and a judgment in favor of Qualcomm was the culmination in the District Court Action of expensive and extensive litigation initiated in 2008.  Debtors are appealing that adverse judgment and the attorneys' fees award and stake their future in this Chapter 11 case on a successful appeal and thereafter a trial or some other favorable disposition.  They were unable to obtain a bond to stay Qualcomm's enforcement of the attorneys' fees award although exactly what assets Qualcomm could reach is not evident.

When Debtors filed these Chapter 11 cases on February 14, 2013, they had ceased all business operations, had no employees, no customers, no products, and no source of operating income.  The schedules show tangible assets (office furniture) valued at $200, cash of less that $300 and a $1500 lease deposit.  What remains of any hope of a claim against Qualcomm has an unknown value and there is no mention of the potential claim against officers and directors mentioned below.

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law.  Fed. R. Bankr. P. 7052(a).

-2-

The Motion, in short, urges that an independent trustee be appointed under either Chapter 7 or Chapter 11, so that the trustee may make an objective assessment of whether and if to continue to prosecute the appeal against Qualcomm, and whether and if to prosecute an action against former officers and directors of Debtors for initiating and unsuccessfully prosecuting the District Court Action. Qualcomm also has spent a great deal of time in its papers supporting the Motion to be highly critical of prior management of the Debtors, and to stress that the current management, along with the members of the Committee, are irreconcilably conflicted and should not be permitted to dictate the outcome of these Chapter 11 cases.

Debtors believe that they should remain in possession and be given an opportunity to seek confirmation of a Chapter 11 plan. To that end, on April 24, 2013, they filed Debtors' Joint Plan Of Reorganization (April 24, 2013) (the "Plan"), together with a draft [proposed] Disclosure Statement for the Plan. Qualcomm contends that the Plan is patently unconfirmable; Debtors and the Committee disagree. For purposes of ruling on the Motion, the court makes no determination on whether the Plan, or any variation of it, could be confirmed.[2] That will come later.

---

[2] At the hearing on May 17, the court asked the Debtors' counsel about the possibility of deferring any consideration of the Plan while they prosecute their appeal. That suggestion was rejected, in part, because the Debtors believe they can obtain funding from a third party who desires confirmation of the Plan and is apparently willing to provide some sort financing to facilitate that outcome.

-3-

The Motion was brought under § 1112(b).[3] That subsection provides, in part:

> **(b)(1)** Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
>
> **(2)** The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that--
>
> **(A)** there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> **(B)** the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
> **(i)** for which there exists a reasonable justification for the act or omission; and
> **(ii)** that will be cured within a reasonable period of time fixed by the court.
>
>     * * *
> **(4)** For purposes of this subsection, the term 'cause' includes--
>
> **(A)** substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> **(B)** gross mismanagement of the estate;

11 U.S.C. § 1112.

Qualcomm did not base the Motion on § 1104(a), which permits

---

[3] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

-4-

an appointment of Chapter 11 trustee or an examiner but does not deal with dismissal or conversion.

Conversion or dismissal is available under § 1112(b)(1) "for cause". The burden is on the moving party (Qualcomm) to establish cause. 7 COLLIER ON BANKRUPTCY, ¶ 1112.04 [4](Henry Sommers & Alan Resnick, 16th ed. 2009). "Thus, until the movant carries this burden, the statutory direction that the court 'shall convert the case to a case under chpater 7 or dismiss the case' is not operative." *Id*.

Section 1112(b)(4) enumerates sixteen different and nonexclusive illustrations of cause. For purposes of this Motion, the only two of those sixteen alternatives urged by Qualcomm are found in § 1112(b)(4)(A), "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" and § 1112(b)(4)(B), "gross mismanagement of the estate." Qualcomm has not carried its burden of establishing cause under either alternative.

Because the debtor has no tangible assets or realizable value and no operations, there has not been and is no "substantial" loss or diminution of the estate. Simply stated, there is nothing left to lose. The question then becomes whether accrual of fees of professionals employed by the Debtors and the Committee, and the possibility of additional Delaware state taxes, amount to the type of "continuing loss" that Congress had in mind to trigger the nearly mandatory conversion, dismissal or chapter 11 trustee options § 1112(b)(1) contemplates.

Perhaps from an accounting perspective (profit and loss), such accruals would constitute such losses. But the accrual of

-5-

liabilities are not the same as the incurring of actual out-of-pocket losses, such as the dissipation of assets that diminishes the estate. Leaving the Debtors in possession of the chapter 11 estate is not risking some ever-diminishing pool of assets.[4]

Even if that were the case, the court must consider how long a situation must persist to be said to be continuing for purposes of § 1112(b)(4)(A). These jointly administered cases are just over three months along and the Debtors have already filed the Plan that will be tested very soon. The accrual of liabilities (losses) will end soon, either with a confirmed joint plan or conversion to chapter 7, a point conceded by Debtors' counsel to be inevitable if confirmation is denied. Thus, even if there is any continuing loss at all, it will not be continuing very long at all.

Because § 1112(b)(4)(A) uses the conjunctive (loss <u>and</u> absence of likelihood of rehabilitation) the court does not need to deal with the thorny question of whether "absence of a reasonable likelihood of rehabilitation" applies to debtors whose only hope is a successful appeal of an adverse litigation result and retrial, and has no going concern or business to rehabilitate.

The only other "cause" trigger under § 1112(b)(4) is the gross mismanagement of the estate under § 1112(b)(4)(B). Qualcomm is long on rhetoric about the potential conflicts that it believes infect current management but it has not provided any proof of

---

[4] One court has even suggested that where the debtor is not an operating company, but merely holds an intangible asset, the loss - diminution factor is not even relevant. <u>In re 3 Ram, Inc.</u>, 343 B.R. 113, n. 14 (Bankr. E.D. Pa. 2006)(but case dismissed because proposed plan was not feasible and feasible plan not possible).

-6-

specific mismanagement in the short time Debtors have been in control of the estate.  It has not established cause under that alternative.

The Plan, or some variation of it, may or may not be confirmable, and Debtors and the Committee will have to deal with anticipated objections to confirmation that Qualcomm will likely make.  That is for another day.  On the face of it, the court cannot say that the Plan is unconfirmable as a matter of law. What the court can say, however, is that if Debtors do not obtain confirmation within the timetable to be set, Qualcomm will have its wish, albeit under § 1112(b)(4)(J)("failure to file a disclosure statement, or to file or confirm a plan, within the time fixed ... by order of the court;").

III.   CONCLUSION

For the foregoing reasons, the court will deny the Motion by a separate order being issued concurrently with this Memorandum Decision.  The court will conduct a Status Conference on June 10, 2013, at 1:30 p.m., at which time it will set a tight schedule for consideration of a final disclosure statement to accompany either the Plan or any revised plan Debtors may file before then. Debtors' counsel is directed to meet and confer with the Committee's counsel and with Qualcomm's counsel to discuss any necessary discovery prior to consideration of the disclosure statement and further to discuss a time table for a hearing on approval of the final disclosure statement and confirmation of the Plan or any other plan that may be filed.  The court expects those hearings to be concluded by the end of August, 2013.

**END OF MEMORANDUM DECISION**

Case: 13-30340    Doc# 117    Filed: 05/27/13    Entered: 05/28/13 10:36:16    Page 7 of 8

-8-