MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ. CA Bar #66849
MICHELE THOMPSON, ESQ. CA Bar #241676
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Counsel for Gabriel Technologies Corporation
and Trace Technologies, LLC, Debtors

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 13-30340 - DM |
| GABRIEL TECHNOLOGIES CORP. et al., | (Case no. 13-30341) |
| Debtors. | Chapter 11 |
| | (Jointly Administered) |
| | Date: September 10, 2013 |
| | Time: 1:00 p.m. |
| | Court: Courtroom No. 22 |
| | 235 Pine Street, 22nd Floor |
| | San Francisco, CA |
| E.I.N.s 22-3062052; 20-1711149 | Judge: Honorable Dennis Montali |

**DEBTORS' MEMORANDUM IN SUPPORT OF SECTION 305 SUSPENSION OF
PROCEEDINGS PENDING OUTCOME OF QUALCOMM LITIGATION APPEAL**

LAW OFFICES
MEYERS LAW GROUP, P. C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

DEBTORS' MEMORANDUM IN SUPPORT OF SECTION 305 SUSPENSION OF
PROCEEDINGS PENDING OUTCOME OF QUALCOMM LITIGATION APPEAL
28713.DOC/20102

Case: 13-30340    Doc# 201    Filed: 09/05/13    Entered: 09/05/13 17:28:05    Page 1 of
15

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   STATEMENT OF FACTS ......................................................................................2

III.  DISCUSSION .........................................................................................................5

        1.   Efficiency of Administration ...................................................................7

        2.   Another Pending Forum .........................................................................8

        3.   Need for Federal Proceedings to Reach Solution ..................................9

        4.   Alternative Means for Equitable Distribution of Assets.........................9

        5.   Less Expensive Out-of-Court Arrangement ..........................................9

        6.   Non-Federal Insolvency Proceeding.......................................................9

        7.   Purpose of Bankruptcy Jurisdiction .....................................................10

IV.   CONCLUSION .....................................................................................................11

LAW OFFICES
**MEYERS LAW GROUP, P. C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

i

DEBTORS' MEMORANDUM IN SUPPORT OF SECTION 305 SUSPENSION OF
PROCEEDINGS PENDING OUTCOME OF QUALCOMM LITIGATION APPEAL
28713.DOC/20102

Case: 13-30340    Doc# 201    Filed: 09/05/13    Entered: 09/05/13 17:28:05    Page 2 of
15

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*In re A & D Care*, Inc., 90 B.R. 138 (Bankr. W.D.Pa. 1988)..................................................6

*In re Compania de Alimentos Fargo, S.A.*, 376 B.R. 427  (Bankr. S.D.N.Y. 2007) .............................7

*In re Eastman*, 188 B.R. 621 (9th Cir. BAP 1995) ..................................................7

*In re Gelb*, 2013 WL 1296790 *4 (B.A.P. 9th Cir. 2013) ..................................................7

*In re Heritage Org., L.L.C.*, 375 B.R. 230 (Bankr. N.D. Tex. 2007) .................................................10

*In re Macke Int'l Trade*, 370 B.R. 236 (B.A.P. 9th Cir. 2007) ..................................................7

*In re Marciano*, 459 B.R. 27 (9th Cir. BAP 2011) ..................................................7

*In re Mazzocone*, 200 B.R. 568 (E.D.Pa.1996)..................................................6, 7, 9

*In re Monitor Single Lift I, Ltd.*, 381 B.R. 455 (Bankr. S.D.N.Y. 2008)..................................................7

*In re Pankau*, 65 B.R. 204 (Bankr. N.D. Ill.1986)..................................................6

*In re Pine Lake Village Apt. Co.*, 16 B.R. 750 (Bankr. S.D.N.Y. 1982) ..................................................6

**Statutes**

11 U.S.C. § 305(a) ..................................................6, 7

LAW OFFICES
**MEYERS LAW GROUP, P. C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA  94104

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEBTORS' MEMORANDUM IN SUPPORT OF SECTION 305 SUSPENSION OF
PROCEEDINGS PENDING OUTCOME OF QUALCOMM LITIGATION APPEAL
28713.DOC 20102

MEYERS LAW GROUP, P.C.
LAW OFFICES
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

GABRIEL TECHNOLOGIES CORPORATION ("Gabriel") and TRACE TECHNOLOGIES, LLC ("Trace"), the debtors-in-possession herein (collectively, the "Debtors"), by and through their undersigned counsel, file this Memorandum pursuant to Sections 105 and 305(a) of the United States Bankruptcy Code (the "Bankruptcy Code").

## I. **INTRODUCTION**

In these chapter 11 cases, the Debtors have promptly proposed a plan of reorganization (the "Plan") with the active support of all of their creditor constituencies other than their principal antagonist, Qualcomm Incorporated ("Qualcomm"). The Plan provides for the restructuring of the Debtors' secured and unsecured obligations, for the funding of additional financial support for the Debtors once reorganized, and the continued prosecution of the Debtors' intellectual property claims against Qualcomm. In particular, the Plan allows the Debtors to prosecute their pending appeals (the "Debtors' Appeal") in the Federal Circuit Court of Appeals (the "Federal Circuit") from summary judgment entered against the Debtors in their litigation against Qualcomm in the United States District Court for the Southern District of California (the "Qualcomm Litigation"), and to fund the resumed prosecution of that litigation in the event of a successful outcome of the Debtors' Appeal.

Rather than rely on its rights and defenses as appellee in the Debtors' Appeal (an appeal that Qualcomm claims is frivolous and certain to fail, and yet seeks aggressively to avoid), Qualcomm has twice attempted to derail the Debtors' reorganization efforts by filing voluminous, serial motions, first to convert the chapter 11 cases to chapter 7 (the "Conversion Motion"), and then to reclassify tens of millions of dollars of promissory notes, secured and unsecured, into equity interests (the "Reclassification Motion"). The Conversion Motion, which the Court described as "long on rhetoric," was denied, and even though the Court's denial of the motion was clearly interlocutory, Qualcomm filed an immediate appeal. Accordingly, the Debtors filed a motion to dismiss the appeal, and on August 30, 2013, the United States District Court for the Northern District of California granted the Debtors' motion and dismissed Qualcomm's appeal. The Debtors submit that the Reclassification Motion, if heard by the Bankruptcy Court on its merits, will be denied as well, for the reasons set forth in the Debtors' opposition papers.

At the initial hearing of the Reclassification Motion, the Bankruptcy Court expressed the view

1

DEBTORS' MEMORANDUM IN SUPPORT OF SECTION 305 SUSPENSION OF
PROCEEDINGS PENDING OUTCOME OF QUALCOMM LITIGATION APPEAL
28713.DOC 20102

Case: 13-30340   Doc# 201   Filed: 09/05/13   Entered: 09/05/13 17:28:05   Page 4 of
15

that consideration of Qualcomm's voluminous motions was, in the Court's words, "a gigantic waste of time," inasmuch as the outcome of the bankruptcy cases ultimately depended on the result of the Debtors' Appeal, regardless of the disposition of Qualcomm's motions, and that the cost of continued litigation in the Bankruptcy Court while awaiting the disposition of the appeal may not be warranted. On that basis, the Banrkruptcy Court directed the parties to express their respective views of the prospect of suspension of the chapter 11 cases while waiting for an outcome of the Debtors' Appeal, pursuant to Section 305 of the Bankruptcy Code.

At that hearing, the Debtors, through counsel, expressed their only reservation with regard to suspension of the chapter 11 cases, *to wit*, that the grand bargain reached among all of the Debtors' creditor constituencies (other than Qualcomm), as reflected in the Plan, not be lost in the event of suspension, due to the consequent delay in confirmation of the Plan. However, as reported below, that concern has since been alleviated, as the Debtors, Northwater Intellectual Property Fund, L.P. 3A ("Northwater") and the Official Committee of Unsecured Creditors appointed herein (the "Committee") have agreed that, notwithstanding any suspension of the chapter 11 cases, upon resumption of the cases' active administration, they will each support confirmation and implementation of the Plan despite any delays that result from such suspension.

With that agreement now in place, the Debtors now fully support suspension of their chapter 11 cases pending an outcome of the pending Debtors' Appeal. Further, for the reasons set forth below, the Debtors submit that such suspension is fully warranted and permissible under the provisions of Section 305 of the Bankruptcy Code.

## II.  STATEMENT OF FACTS

The following facts are established by the record of the Court, prior declarations filed by the Debtors with respect to the Conversion Motion and the Reclassification Motion, and the declarations of Merle C. Meyers (the "Meyers Declaration") and Michael Salzman (the "Salzman Declaration") filed concurrently herewith:[1]

1.  On February 14, 2013 (the "Petition Date"), each of the Debtors commenced a chapter

---

[1] For the sake of brevity, the Debtors will not repeat the facts established earlier in their oppositions to the Conversion Motion and Reclassification Motion, other than to summarize background facts to the extent relevant here, and the Debtors hereby incorporate those oppositions and supporting declarations, docket nos. 90-94 and 161-163, for the record.

11 case by filing a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code. Trace, a Nevada limited liability company, is the wholly owned subsidiary of Gabriel, a Delaware corporation. Each of the Debtors remains in possession of its property and estate, no trustee having been appointed, and by order entered on February 25, 2013, this Court granted the Debtors' motions seeking joint administration of their chapter 11 cases.

2. Prior to the Petition Date, on October 24, 2008, the Debtors filed a complaint (as later amended, the "Complaint") against Qualcomm, initiating a civil action entitled *Gabriel Technologies Corporation, et.al. v. Qualcomm Incorporated, et. al.*, case no. 08CV1992 (the "Qualcomm Litigation") in the United States District Court for the Southern District of California (the "District Court"). The Complaint charged Qualcomm and others (collectively, the "Defendants"), with misappropriating trades secrets, breach of contract, fraud and other claims.

3. Litigation ensued and in March 2010, the Debtors replaced their original counsel with the law firm of Hughes Hubbard & Reed LLP ("HHR"), which, after its own due diligence and research, agreed to represent the Debtors in the litigation on a contingency basis

4. In a series of orders culminating in an order dated March 13, 2012, the District Court granted partial summary judgment against all of the Debtors' trade secret claims based on a statute of limitations defense. Then, on September 28, 2012, the District Court granted final summary judgment against all of the Debtors' remaining claims (collectively, the "Qualcomm Judgment"). Additionally, on February 1, 2013, the District Court entered an order (the "Fee Order") granting the Qualcomm's motion for attorneys' fees, and awarding to the Defendants the amount of $12,401,014.51 as against the Debtors, and the amount of $64,316.50 as against local counsel.

5. The Debtors filed notices of appeal of the Qualcomm Judgment and the Fee Order. Both appeals are pending in the Federal Circuit Court. On May 1, 2013, the Debtors filed their opening brief in support of their appeal from the Qualcomm Judgment, case no. 2013-1058. On August 9, 2013, the Debtors filed their opening brief in support of their appeal from the Fee Order, case no. 2013-1205. By order of the Federal Circuit Court, the appeals were consolidated to the extent that they will be treated as companion cases and assigned to the same appellate review panel. Qualcomm's responses to the Debtors' opening briefs are due on October 8, 2013, with the Debtor's

LAW OFFICES
**MEYERS LAW GROUP, P. C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

DEBTORS' MEMORANDUM IN SUPPORT OF SECTION 305 SUSPENSION OF
PROCEEDINGS PENDING OUTCOME OF QUALCOMM LITIGATION APPEAL
28713.DOC/20102

Case: 13-30340   Doc# 201   Filed: 09/05/13   Entered: 09/05/13 17:28:05   Page 6 of 15

LAW OFFICES

**MEYERS LAW GROUP, P. C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

1  reply brief due within 14 days of Qualcomm filing its brief.  As set forth in the appellate briefs, the

2  Debtors believe that the Qualcomm Judgment, and the Fee Order that followed, are manifestly unjust

3  and legally improper, and that all should be overturned on appeal, following the Federal Circuit

4  Court's review of the District Court's rulings.

5         6.     HHR has agreed to act as special counsel for the Debtors in order to prosecute the

6  Debtors' appeal from the Qualcomm Judgment, on a contingency basis, as well as to accrue out-of-

7  pocket costs without reimbursement during the appellate process.  The Bankruptcy Court entered its

8  order approving HHR's retention on April 15, 2103 (docket no. 64).  Separately, the law firm of

9  Chapin Fitzgerald LLP was retained by the Debtors to act as special counsel for the Debtors in order

10  to prosecute the Debtors' appeal of the Fee Order.  The Bankruptcy Court entered its order approving

11  Chapin Fitzgerald LLP's retention on May 21, 2103 (docket no. 115).  As disclosed in the Debtors'

12  application for approval of such retention, Chapin Fitzgerald LLP's fees in such engagement will be

13  advanced in their entirety by Northwater, as further advances of Northwater's prepetition secured

14  loan to the Debtors.

15         7.     Michael Salzman, a partner in HHR, is the lead attorney with respect to the Debtors'

16  appeal from the Qualcomm Judgment.  Whereas actual timing is uncertain at best, Mr. Salzman

17  estimates that oral argument of the Debtors' Appeal is likely to occur in early 2014, and that a

18  decision will be issued by the Court of Appeals for the Federal Circuit within roughly three to six

19  months thereafter.

20         8.     The aggregate principal amount of claims against the Debtors, excluding the disputed

21  claim of Qualcomm, is in excess of $13,000,000.  With the inclusion of non-principal charges owing

22  under contractual terms to claimants, including agreed multiple returns of principal, those claims

23  exceed $40,000,000. Those claims are both secured and unsecured and are described in further detail

24  in the Debtors' opposition to the Reclassification Motion.

25         9.     As demonstrated by the monthly operating reports filed by the Debtors to date, cash

26  flow, whether positive or negative, is minimal, and there are no other material losses continuing.  Nor

27  have the Debtors suffered material losses on a profit/loss basis.  Other than the accrual of postpetition

28  attorneys' fees, both hourly and contingency liability, the Debtors' only postpetition losses to date

4

DEBTORS' MEMORANDUM IN SUPPORT OF SECTION 305 SUSPENSION OF
PROCEEDINGS PENDING OUTCOME OF QUALCOMM LITIGATION APPEAL
28713.DOC\20102

Case 3:13-bk- Doc# 201 Filed: 09/05/13 Entered: 09/05/13 17:28:05 Page 7 of 15

LAW OFFICES
**MEYERS LAW GROUP, P. C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

1    have involved disputed storage charges for its file servers, at the rate of $2,422 per month.

2        10.    On June 7, 2013, the Debtors filed an amended plan, the Plan (docket no. 119),

3    comprised of consensual (other than with Qualcomm) reorganization terms under which all creditor

4    groups will consent to impairments and the Debtors' primary lender, Northwater, will advance

5    additional funds, to prosecute the Qualcomm Appeal and to facilitate a favorable outcome for

6    unsecured creditors.

7        11.    On June 11, 2013, the Debtors filed notice (docket no. 126) of a plan support

8    agreement (the "PSA") executed by the Debtors, the Committee and Northwater, pursuant to which

9    the parties agreed to support the Plan if certain conditions were met, including confirmation of the

10   Plan no later than September 30, 2013.

11       12.    On June 26, 2013, in light of Qualcomm opposition that had delayed the Plan

12   confirmation process more than anticipated, Northwater, the Committee and the Debtors executed a

13   first amendment of the PSA, whereunder, *inter alia*, the deadline for confirmation was extended to

14   December 31, 2013.  A copy of the first amendment of the PSA is attached to the Meyers Declaration

15   as **Exhibit "A."**

16       13.    On August 7, 2013, in light of the Bankruptcy Court's comments during the July 30,

17   2013 hearing of the Reclassification Motion, representatives of Northwater, the Committee and the

18   Debtors met, agreed upon and executed a second amendment to the PSA (the "Second Amendment").

19   A copy of the Second Amendment is attached to the Meyers Declaration as **Exhibit "B."**  Under the

20   terms of the Second Amendment, in the event of a suspension of the Debtors' chapter 11 cases, the

21   deadline for Plan confirmation has been extended to 180 days after such suspension has been

22   terminated.

23       14.    Based on the execution of the Second Amendment, the Debtors now believe that any

24   delay caused by a suspension of the chapter 11 cases while the Debtors' appeal is progressing, will

25   not prejudice the Debtors' ability to confirm the Plan and to preserve the beneficial agreements

26   reached with creditors constituencies therein.

27                            **III.  DISCUSSION**

28       For the reasons set forth below, the Debtors submit that suspension of the Debtors' chapter 11

cases pursuant to Section 305(a) of the Bankruptcy Code, pending completion of the Debtors' Appeal, will be beneficial to all parties, including Qualcomm, and should be implemented forthwith.

A.  **Section 305(a), In General**

Section 305(a) of the Bankruptcy Code states as follows:

> The court, after notice and a hearing, may dismiss a case . . . or suspend all proceedings in a case under this title, at any time if ... the interests of creditors and the debtor would be better served by such dismissal or suspension.

11 U.S.C. § 305(a)(1).  The decision to dismiss or suspend a case under Section 305(a) is discretionary and must be made on a case-by-case basis.  *In re A & D Care*, Inc., 90 B.R. 138, 141 (Bankr. W.D.Pa. 1988).

Most courts view Section 305 as an abstention provision, even though its language employs the terms "dismissal" and "suspension."  See, e.g.*, In re Pine Lake Village Apt. Co.*, 16 B.R. 750, 752 (Bankr. S.D.N.Y. 1982).  Here, the Bankruptcy Court has suggested that it may abstain from, or suspend, all the proceedings in these chapter 11 cases.  See also, *In re Pankau*, 65 B.R. 204, 206 n. 3 (Bankr. N.D. Ill.1986) (noting that dismissal or suspension under Section 305 refers to the entire bankruptcy case, not just a matter within the case).  The Debtors believe that such a suspension, with the exception of routine administrative matters such as the filing of operating reports, consideration of settlements and retention of professionals, would be in the best interests of the estate and all of its creditors and other parties in interest.

Application of Section 305(a) is appropriate when the interests of the creditors and the debtor are best served by dismissal or suspension.  *In re Mazzocone*, 200 B.R. 568, 575 (E.D.Pa.1996).  The Ninth Circuit Court of Appeals applies a seven-factor test in determining whether to abstain by dismissal or suspension, as follows:  (1) economy and efficiency of administration; (2) whether another forum is available to protect interests of both parties or there is already a pending proceeding in state court; (3) whether federal proceedings are necessary to reach just and equitable solution; (4) whether there is alternative means of achieving equitable distribution of assets; (5) whether debtor and creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in case; (6) whether non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with federal bankruptcy process; and (7) purpose

LAW OFFICES
**MEYERS LAW GROUP, P. C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

6

DEBTORS' MEMORANDUM IN SUPPORT OF SECTION 305 SUSPENSION OF
PROCEEDINGS PENDING OUTCOME OF QUALCOMM LITIGATION APPEAL
28713.DOC/20102

Case: 13-30340   Doc# 201   Filed: 09/05/13   Entered: 09/05/13 17:28:05   Page 9 of 15

for which bankruptcy jurisdiction has been sought. 11 U.S.C. § 305(a)(1); *In re Marciano*, 459 B.R. 27, 47 (9th Cir. BAP 2011); citing *In re Monitor Single Lift I, Ltd.*, 381 B.R. 455 (Bankr. S.D.N.Y. 2008). The bankruptcy court "must make specific and substantiated findings" based upon these factors and conclude that the interests of the creditors and the debtor will be better served by dismissal or suspension. *In re Gelb*, 2013 WL 1296790 *4 (B.A.P. 9th Cir. 2013) (quoting *In re Macke Int'l Trade*, 370 B.R. 236 (B.A.P. 9th Cir. 2007).

While all factors are considered, the exact factors and the weight to be given each of them is "highly sensitive to the facts of each individual case." *In re Mazzocone*, 200 B.R. 568, 575 (E.D.Pa. 1996). For example, where there is a pending foreign insolvency proceeding, concerns of comity must be taken into account and deference must be given to the foreign proceedings. *In re Compania de Alimentos Fargo, S.A.*, 376 B.R. 427, 434 (Bankr. S.D.N.Y. 2007). Moreover, the Ninth Circuit Bankruptcy Appellate Panel has held that "the test under section 305(a) is not whether dismissal would give rise to a substantial prejudice to the debtor. Nor is the test whether a balancing process favors dismissal. Rather, the test is whether both the debtor and the creditors would be 'better served' by a dismissal." *In re Eastman*, 188 B.R. 621, 625 (9th Cir. BAP 1995).

**B.     All Pertinent Factors Favor Suspension Here.**

Each of the factors identified by the Ninth Circuit, to the extent pertinent to the circumstances of these chapter 11 cases, support suspension of the cases pending the outcome of the Debtors' Appeal. In particular:

**1.     Efficiency of Administration**

There can be no doubt that suspension of the chapter 11 cases, pending an outcome of the Debtors' Appeal, may avoid substantial administrative expenses and time-consuming litigation. The disposition of these chapter 11 cases depends ultimately on the outcome of the appeal, and on the result of resumed prosecution of the Qualcomm Litigation in the event of reversal of the Qualcomm Judgment. Many of the issues presently before the Bankruptcy Court in the Plan confirmation process hinge upon the outcome of that litigation, and suspension of the cases while the appeal process is completed may render many of those issues moot or better defined.

7

DEBTORS' MEMORANDUM IN SUPPORT OF SECTION 305 SUSPENSION OF
PROCEEDINGS PENDING OUTCOME OF QUALCOMM LITIGATION APPEAL
28713.DOC/20102

For example, Qualcomm has raised issues as to the feasibility of the Plan, and the likelihood of recoveries by creditors, based on its argument that the Debtors' Appeal will fail. Whereas the Debtors do not believe that those are valid confirmation issues, given the structure of the Plan, awaiting the outcome of the Debtors' Appeal will certainly moot those issues – either the appeal will succeed or it will not, resolving Qualcomm's objection.

As another example, Qualcomm has argued extensively in its Reclassification Motion that it is entitled to challenge all note claims of creditors, in order to argue that those claims are in fact equity. This is based not on Qualcomm's position as a defendant but rather as a purported creditor, pursuant to the Fee Order. However, if the Debtors' Appeal is successful and the Fee Order is vacated, Qualcomm will no longer be a purported creditor of the Debtors, and will have no standing to argue for reclassification of other claims.

In fact, in the event that the Fee Order is reversed, as sought in the Debtors' Appeal, Qualcomm may not have standing to challenge the Plan at all: At that point, Qualcomm will only be a defendant in the resumed Qualcomm Litigation, and not a creditor of the Debtors. Without standing as a creditor to object to the Plan, and with all other parties supporting confirmation of the Plan, most or all confirmation issues will be eliminated and the Plan will likely be confirmed without further delay or substantial expense.

Clearly, therefore, suspension of the chapter 11 cases, pending the outcome of the Debtors' Appeal, will result in a more efficient administration of the Debtors' chapter 11 cases.

## 2. <u>Another Pending Forum</u>

There is of course another forum in which related matters are pending, namely the Federal Circuit Court where the Debtors' Appeal is pending. While that forum cannot effectuate a reorganization of the Debtors' financial affairs as contemplated in the Plan, the Federal Circuit Court will certainly render a disposition of the pending appeals, with significant impact upon these chapter 11 cases. Suspending the chapter 11 cases until the Federal Circuit Court has done so is both sensible from an administrative efficiency perspective, as described above, and sensible in the sense of a logical sequence of issues to be resolved – before consideration of a reorganization plan that

LAW OFFICES
**MEYERS LAW GROUP, P. C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

DEBTORS' MEMORANDUM IN SUPPORT OF SECTION 305 SUSPENSION OF
PROCEEDINGS PENDING OUTCOME OF QUALCOMM LITIGATION APPEAL
28713.DOC/20102

Case: 13-30340    Doc# 201    Filed: 09/05/13    Entered: 09/05/13 17:28:05    Page 11 of
15

ultimately contemplates resumed prosecution of the Qualcomm Litigation, it makes good sense to ascertain whether the Federal Circuit Court agrees that that litigation should be resumed.

The *Mazzocone* court took a similar approach, suspending the chapter 11 case for a finite period of time pending the outcome of litigation in another court. The *Mazzocone* court indicated that after a six-month period, the court would require the parties to provide the court with a written status report, and to appear before the court to provide a status report of state-court litigation and any other pertinent developments, at which time the court would decide how next to proceed. *In re Mazzocone*, 183 B.R. 402, 422 (Bankr. E.D. Pa. 1995).

A similar approach would sense here: Inasmuch as Mr. Salzman, HHR's lead attorney in the appeal, has estimated oral argument in early 2014, and a decision thereafter, the Debtors suggest that a suspension of the chapter 11 cases be accompanied by further status reports from the parties in June 2014.

### 3. Need for Federal Proceedings to Reach Solution

There is a need for the proceedings before the Bankruptcy Court, in order to resolve the Debtors' financial affairs through a confirmed reorganization plan. However, waiting first for a decision from the Federal Circuit Court with regard to the Debtors' Appeal will facilitate, not replace, the process before the Bankruptcy Court.

### 4. Alternative Means for Equitable Distribution of Assets

There is not an alternative means for equitable distribution of the Debtors' assets outside of the plan process, but, as stated, the process within the Bankruptcy Court can be facilitated by waiting for the Federal Circuit Court's rulings on the Debtors' Appeal before proceeding with any plan process.

### 5. Less Expensive Out-of-Court Arrangement

This is not a pertinent factor, inasmuch as there is no out-of-court process contemplated or possible, pending the outcome of the Debtors' Appeal.

### 6. Non-Federal Insolvency Proceeding

This too is not a pertinent factor, inasmuch as there is no state law proceeding to address the Debtors' insolvency and reorganization.

9

LAW OFFICES
**MEYERS LAW GROUP, P. C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

### 7. Purpose of Bankruptcy Jurisdiction

The purpose of the Bankruptcy Court's jurisdiction in these cases is to provide a means for restructuring the Debtors' obligations, through a reorganization plan such as the Plan. Here, the Plan provides for the restructuring of debts and the funding of the pending Qualcomm Litigation. Such objectives are proper bases for Bankruptcy Court jurisdiction. See *In re Heritage Org., L.L.C.*, 375 B.R. 230 (Bankr. N.D. Tex. 2007). That purpose can be best served by suspending (but not dismissing) the chapter 11 cases while the Debtors' Appeal is processed, after which the bankruptcy process can be resumed with greater efficiency and with the resolution of many of the issues now presented in the confirmation process.

### C. There is No Prejudice To Qualcomm.

Qualcomm will undoubtedly argue that it would be prejudiced by the delay of a suspension of the chapter 11 cases, but such an argument will not bear scrutiny because there is no real prejudice to Qualcomm. In fact, Qualcomm will benefit from the suspension by a significant savings of litigation costs.

If the chapter 11 cases are not suspended, Qualcomm will continue to file and prosecute objections and motions attempting to derail the Debtors' confirmation objectives, as it has so far in these cases. Those objections and motions will be expensive and time-consuming, and will be based on Qualcomm's continuing stance that the Debtors' Appeal is frivolous and sure to fail, and that Qualcomm is an indisputable judgment creditor. The Debtors will be compelled to respond to and oppose each such motion and resistance by Qualcomm, at all parties' expense. But if, rather than continue that battle, Qualcomm is forced by a suspension to wait until the Federal Circuit Court decides the appeal, Qualcomm will have its arguments either proved or disproved without that heavy cost – the appeal will either succeed or fail on its own, and the issues raised by Qualcomm in the chapter 11 cases will be resolved either for or against Qualcomm's position. Either way, Qualcomm will not be required to expend hundreds of thousands of dollars in paying lawyers to argue for points that will be established, negatively or positively, by transpiring events. This is surely a benefit to Qualcomm, as it is to the Debtors' estates.

At the same time, any delay in Qualcomm's enforcement of its rights as a creditor under the

10

Fee Order (assuming that the Fee Order is not vacated on appeal) will not prejudice Qualcomm because there is nothing against which to enforce the Fee Order: The Debtors have few significant assets other than their claims against Qualcomm, which presumably would become worthless if the Fee Order were sustained and enforceable. Nor will the Debtors be expending significant resources in the interim, if the Plan litigation is suspended, inasmuch as the Debtors' greatest expense is the attorneys' fees that accrue in the course of their battles with Qualcomm. With a suspension, those costs will be greatly reduced, and the appeal process will cost the Debtors virtually nothing – HHR has agreed to continue to represent the Debtors on a contingency fee basis, and all of Chapin Fitzgerald LLP's fees will be paid by Northwater.

Qualcomm has argued previously that any delay prejudices the Debtors' estates' ability to pursue present and former directors and officers for purported malfeasance in prosecuting the claims against Qualcomm. This is a red herring. First, any malfeasance claims are specious – the Debtors' management pursued claims against Qualcomm based on unwavering and unqualified recommendations by competent counsel and with the support and urging of the Debtors' lenders and shareholders. Under those circumstances, any malfeasance claims would certainly be met by compelling defenses of reliance upon counsel. Second, even if any malfeasance claims would have merit, they would be based presumably on the findings of the Qualcomm Judgment and the Fee Order, which have yet to be tested on appeal. Until the Debtors' Appeal is fully concluded, any malfeasance claims will be left uncertain based on contentions that the Qualcomm Judgment and the Fee Order were wrongly decided. Thus, any prosecution of malfeasance claims must await the outcome of the Debtors' Appeal in any event. Third, a finite delay in prosecution of any such malfeasance claims would not be prejudicial in any event – Qualcomm has not articulated any basis for concluding that mere delay will impair any such claims, assuming that they have any merit at all.

It is thus clear that Qualcomm will not be prejudiced, and will in fact be benefited, by a suspension of the chapter 11 cases as proposed by the Debtors.

## IV. **CONCLUSION**

For the reasons set forth above, the Debtors respectfully submit that the Debtors' chapter 11 cases should be suspended pursuant to Section 305(a) of the Bankruptcy Code, pending the outcome

11

LAW OFFICES
**MEYERS LAW GROUP, P. C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

of the Debtors' Appeal, subject to the following provisos:

        A.    The Debtors and Qualcomm shall be directed to file status reports in June 2013, followed by a status conference at which the Bankruptcy Court can decide whether to continue or terminate the suspension;

        B.    During the suspension, the Debtors will be allowed to continue to file motions and applications with regard to routine administrative matters, including without limitation compromise motions under Rule 9019 of the Federal Rules of Bankruptcy Procedure, retention applications under Section 327 of the Bankruptcy Code, and motions regarding executory contracts under Section 365 of the Bankruptcy Code; and

        C.    At any time during the suspension, any party may bring a motion to terminate the suspension for cause, for cause based on events transpiring hereafter.

DATED: September 5, 2013

                        MEYERS LAW GROUP, P.C.

                        By    /s/ Merle C. Meyers
                              Merle C. Meyers, Esq.
                              Attorneys for Debtors-in-Possession

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104