LARRY W. GABRIEL – Bar No. 68329
COREY R. WEBER - Bar No. 205912
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
lgabriel@ebg-law.com
cweber@ebg-law.com

[Proposed] Special Litigation Counsel for
Kavita Gupta, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

In re:

GABRIEL TECHNOLOGIES CORPORATION *et al.*,

Debtors.

E.I.N. 22-3062052; 20-1711149

Case No. 13-30340-DM

(Jointly Administered with Case No. 13-30341)

Chapter 7 Proceedings

**APPLICATION OF CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING EMPLOYMENT OF EZRA BRUTZKUS GUBNER LLP AS SPECIAL LITIGATION COUNSEL**

[Substitution Of Attorney Filed With The Court On September 30, 2015 (Docket No. 295)]

[No Hearing Requested]

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST:

Kavita Gupta, the duly acting Chapter 7 Trustee (the "Trustee") for the bankruptcy estates of debtors Gabriel Technologies Corporation and Trace Technologies, LLC, submits this application (the "Application") for an order: (1) approving this Application; (2) authorizing the Trustee to employ the law firm of Ezra Brutzkus Gubner LLP (the "Firm") as special litigation counsel pursuant to 11 U.S.C. § 328 of Title 11 of the United States Code (the "Bankruptcy Code") effective as of September 28, 2015; (3) authorizing the Trustee to reimburse costs and expenses to the Firm upon application pursuant to Sections 330 and 331 of the Bankruptcy Code; and (4) approving the contingency fee arrangement described herein pursuant to section 328 of the Bankruptcy Code.

Subject to approval by this Court, the Firm shall replace Brown Rudnick LLP as her Special Litigation Counsel. The substitution of attorney was filed with the Court on September 30, 2015 (Docket No. 295). The material terms and conditions of the employment of the Firm as Special Litigation Counsel are substantially similar to the terms and conditions of the employment of Brown Rudnick LLP. In support of the Application, the Trustee respectfully represents as follows:

## I. JURISDICTION

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in this Application is Sections 327 and 328 of the Bankruptcy Code.

## II. STATEMENT OF FACTS

### A. The Bankruptcy Cases

On February 14, 2013, Gabriel Technologies Corporation and Trace Technologies, LLC (collectively, the "Debtors") commenced these bankruptcy cases by each filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, Northern District of California, San Francisco Division (the "Court"), under the jointly administered Case No. 13-30340-DM. (Docket Nos. 1, 19.)

On July 8, 2014, this Court entered an order converting the Debtors' Chapter 11 cases to Chapter 7 cases. (Docket No. 239.) The Trustee was subsequently selected to serve as the Chapter 7 Trustee. (Docket No. 250.)

### B. The Trustee's Employment of Prior Special Litigation Counsel, Brown Rudnick LLP, and Substitution of Attorney

On February 2, 2015, the Trustee filed an application for an order authorizing employment of Brown Rudnick LLP as Special Litigation Counsel. (Docket No. 274.) On March 11, 2015, the Court entered an Order approving the application to employ Brown Rudnick LLP as Special Litigation Counsel. (Docket No. 289.)

On September 30, 2015, the Firm filed a substitution of attorney, pursuant to which it substituted in for Brown Rudnick LLP as the Trustee's Special Litigation Counsel (Docket No. 295), subject to the Court's approval of this Application.

### III. APPLICATION TO RETAIN AND EMPLOY THE FIRM

#### A. Scope of Retention as Special Litigation Counsel

By this Application, the Trustee seeks to employ the Firm as her Special Litigation Counsel pursuant to Section 328 of the Bankruptcy Code, effective as of September 28, 2015. The Firm will replace Brown Rudnick LLP as Special Litigation Counsel.

The Firm will represent the Trustee in connection with: (1) investigating, evaluating, negotiating, filing and/or litigating claims held by the Trustee against the Debtors' professionals, including, without limitation, Hughes, Hubbard & Reed, LLP, WHGC, P.L.C., formerly known as Wang Hartman Gibb & Caulley, P.C., and Fitzgerald Knaier LLP, formerly known as Chapin Fitzgerald Knaier LLP; and (2) investigating, evaluating, negotiating, filing and/or litigating claims against the Debtors' officers and directors. Such employment shall include, without limitation, the conducting of such informal and formal pre-litigation discovery as may be appropriate, including without limitation, examinations pursuant to Federal Rule of Bankruptcy Procedure 2004.

///
///
///

### B. Proposed Special Litigation Counsel, Ezra Brutzkus Gubner LLP

A copy of the Firm's statement of qualifications, which includes the resumes of Larry W. Gabriel, Corey R. Weber and Jason B. Komorsky, the attorneys primarily handling the representation of the Trustee, is attached as **Exhibit 1** to the concurrently-filed Declaration of Corey R. Weber in Support of this Application (the "Weber Declaration"). As shown in the resumes, the Firm and its attorneys are experienced in insolvency, bankruptcy and reorganization matters, litigation within bankruptcy cases, and litigation and adversary proceedings including claims for breach of fiduciary duty and legal malpractice. The Firm has extensive experience in Chapter 7 and Chapter 11 cases representing trustees as special litigation counsel. The Trustee believes that the Firm is well qualified to represent her in the investigation of, and litigation regarding, the claims against the Debtors' former attorneys, directors and officers. A copy of the Firm's current billing rates for attorneys and paralegals of the Firm is attached to the Weber Declaration as **Exhibit 2** and is incorporated herein by reference (this is attached for informational purposes since the Firm's fee is a contingency fee rather than an hourly fee, as set forth below).

### C. Terms of Retention

The Firm proposes to render services to the Trustee on a contingency fee basis pursuant to Section 328(a) of the Bankruptcy Code. The Firm will be paid out of any recovery obtained through settlement, judgment or otherwise. The contingency fee shall be:

- Twenty-Five Percent (25%) of any gross recovery obtained through settlement, judgment or otherwise prior to the filing of a complaint against the applicable defendant;
- Thirty Percent (30%) of any gross recovery obtained through settlement, judgment or otherwise prior to sixty (60) days before the originally-set trial date; or
- Forty Percent (40%) of any gross recovery obtained through settlement, judgment or otherwise thereafter.

The Trustee and the Firm agree that the Firm's compensation on a contingent fee basis shall be reviewed only to the extent permitted by Section 328 of the Bankruptcy Code.

In addition to the contingency fee for services, the Trustee will pay and reimburse the Firm for its actual and necessary out-of-pocket costs and expenses, including but not limited to costs for experts,

incurred in connection with the engagement, subject to Court approval, which will be sought by periodic applications to the Court pursuant to Sections 330 and 331 of the Bankruptcy Code.

The payment of the contingency fee with respect to any recovery, whether by settlement, judgment or otherwise, and the reimbursement of any costs and expenses, shall be subject to the above terms and the approval of the Court after the filing of an application in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules. The Trustee believes that the compensation agreement herein is reasonable, and is substantially the same as the compensation for prior special litigation counsel, Brown Rudnick LLP. (Docket No. 274.)

### D. Potential *Quantum Meruit* Claim By Former Special Litigation Counsel for the Trustee

To the extent that the Trustee's prior Special Litigation Counsel, Brown Rudnick LLP, asserts a *quantum meruit* claim, the amount ultimately awarded by the Court on a *quantum meruit* basis to Brown Rudnick LLP shall be deducted from the total contingency fees paid to the Firm.

### E. Fee Enhancement or Bonus

The Firm and the Trustee reserve the right to request a fee enhancement or bonus for the Firm beyond the contingency fee and reimbursement of costs and expenses if the Trustee believes that such a request is appropriate. Any such request will be filed with the Court through a noticed application or motion, and subject to Court approval.

### F. Potential Secured Claim(s)

Any purportedly secured claim against proceeds from litigation claims of the Trustee brought on behalf of the bankruptcy estates shall not be entitled to attach to the contingency fee portion of the recovery, or the reimbursement of costs or expenses advanced by the Firm. The Trustee and the Firm believe that this provision is reasonable because the Firm's services as Special Litigation Counsel on a contingency fee basis will provide a direct and substantial benefit to the bankruptcy estates. Without the Trustee's engagement of the Firm as Special Litigation Counsel to prosecute the claims discussed herein, the Trustee could not recover any amounts on the claims for the benefit of the bankruptcy estates.

///

G. **Dismissal of the Debtors' Bankruptcy Cases**

In the event the bankruptcy cases are dismissed prior to approval of a settlement or entry of a judgment in any action commenced by the Firm on behalf of the Trustee, the Firm shall be entitled to, and provided the opportunity to, apply prior to such dismissal, for allowance and payment of an administrative claim for all of its fees incurred, based on its usual hourly rates, plus a multiple thereof as approved by the Court, plus its costs, including hourly fees incurred to date. The Firm has found that where issues are significant, debtors and others have sometimes attempted to dismiss or convert bankruptcy cases after purchasing (or arranging for third parties to purchase) claims in bankruptcy cases. The Firm seeks this additional protection to provide certainty to the Firm in this matter.

H. **Disclosures by the Firm**

1. **The Firm Is A "Disinterested" Person and There Is An Absence of Adverse Interests As to the Specified Services to be Provided as Special Litigation Counsel**

An attorney may be employed as special counsel provided that such attorney does not hold or represent an interest adverse to the estate with respect to the scope of the attorney's employment. *See, e.g.,* 11 U.S.C. Section 327(c). *See also,* In re Fondiller, 15 B.R. 890, 892 (9th Cir. BAP 1981); Stoumbos v. Kilimnik, 988 F.2d 949, 964 (9th Cir. 1993).

Although representation of a creditor does not preclude representation of the Trustee as Special Litigation Counsel, as stated in the Weber Declaration, the Firm does not hold, or represent any entity holding, an adverse interest in connection with its representation of the Trustee as the Firm does not represent any of the potential defendants identified herein. In addition, to the best of the Firm's knowledge, neither the Firm, nor any of the attorneys comprising or employed by the Firm, have any connection with the Debtors, creditors of the Debtors, any party in interest, the United States Trustee, or any person employed in the Office of the United States Trustee, other than as set forth in the Weber Declaration.[1]

To the best of the Trustee's knowledge, the Firm is "disinterested" and there is an absence of

---

[1] *See* Weber Declaration filed concurrently herewith. The conflicts disclosure is also made in accordance with Item III(M) on page 13 of the Practices and Procedures in Judge Montali's Court (July 2015).

adverse interests as to the specified services to be provided by the Firm as Special Litigation Counsel. The Trustee is satisfied that her employment of the Firm as Special Litigation Counsel is in the best interests of the bankruptcy estates.

### 2. No Sharing of Compensation

The Firm will not share compensation with any other person or entity.

### 3. Firm's Awareness Of And Compliance With Applicable Laws and Rules

The Firm is familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules (including Local Bankruptcy Rule 9029-1), the Court's Guidelines for Compensation and Expense Reimbursement of Professional and Trustees located on the website for the United States Bankruptcy Court for the Northern District of California, and the Practices and Procedures in Judge Montali's Court (July 2015), and will comply with them. Any and all compensation and reimbursement of expenses awarded to the Firm are subject to Court approval, after notice, and after a hearing if required.

## IV. CONCLUSION

For the reasons stated above and in the Weber Declaration, the Trustee respectfully requests that the Court enter an order:

1. Approving this Application;
2. Authorizing the Trustee to employ the law firm of Ezra Brutzkus Gubner LLP as special litigation counsel pursuant to Section 328 of the Bankruptcy Code, effective as of September 28, 2015;
3. Authorizing the Trustee to reimburse actual and necessary out-of-pocket costs and expenses to the Firm upon application pursuant to Sections 330 and 331 of the Bankruptcy Code; and

///
///
///
///
///

4. Approving the contingency fee arrangement described herein pursuant to Section 328 of the Bankruptcy Code.

Dated: October 1, 2015

*/s/ Kavita Gupta*
Kavita Gupta, Chapter 7 Trustee

Submitted by:

EZRA BRUTZKUS GUBNER LLP

BY: _____
LARRY W. GABRIEL
COREY R. WEBER
Proposed Special Litigation Counsel
For Kavita Gupta, Chapter 7 Trustee