LARRY W. GABRIEL – Bar No. 68329
COREY R. WEBER - Bar No. 205912
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
lgabriel@ebg-law.com
cweber@ebg-law.com

[Proposed] Special Litigation Counsel for
Kavita Gupta, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

GABRIEL TECHNOLOGIES
CORPORATION *et al.*,

Debtors.

E.I.N. 22-3062052; 20-1711149

Case No. 13-30340-DM

(Jointly Administered with Case No. 13-30341)

Chapter 7 Proceedings

**DECLARATION OF COREY R. WEBER IN SUPPORT OF APPLICATION OF CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING EMPLOYMENT OF EZRA BRUTZKUS GUBNER LLP AS SPECIAL LITIGATION COUNSEL**

[No Hearing Requested]

I, Corey R. Weber, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court and am a partner with the law firm of Ezra Brutzkus Gubner LLP (the "Firm"), the proposed Special Litigation Counsel for the Trustee. I am authorized to make this declaration on behalf of the Firm.

2. I have personal knowledge of the facts stated in this declaration, except as to those stated on information and belief. If called as a witness, I could and would competently testify to the facts stated herein.

3. This declaration is submitted in support of the *Application of Chapter 7 Trustee for*

*Order Authorizing Employment of Ezra Brutzkus Gubner LLP as Special Litigation Counsel* (the "Application").

4. I am one of the attorneys at the Firm who will primarily be handling the representation of the Trustee as Special Litigation Counsel. The Firm's qualifications to represent the Trustee as Special Litigation Counsel are reflected in my C.V. and those of Larry W. Gabriel and Jason B. Komorsky, the primary attorneys who are expected to work on these cases, all of which are attached hereto as **Exhibit 1** and incorporated herein by reference. As shown in Exhibit 1, the Firm and its attorneys are experienced in insolvency, bankruptcy and reorganization matters, litigation within bankruptcy cases, and litigation and adversary proceedings including claims for breach of fiduciary duty, legal malpractice and other related claims. The Firm has extensive experience in Chapter 7 and Chapter 11 cases representing trustees as special litigation counsel.

5. The business address of the Firm is 21650 Oxnard Street, Suite 500, Woodland Hills, California 91367. The telephone number is (818) 827-9000 and facsmile number is (818) 827-9099.

6. A copy of the Firm's current billing rates for attorneys and paralegals of the Firm is attached hereto as **Exhibit 2** and is incorporated herein by reference (this is attached for informational purposes since the Firm's fee is a contingency fee rather than an hourly fee, as set forth below).

7. The Firm will provide the following services to the Trustee:

    a. Investigating, evaluating, negotiating, filing and/or litigating claims held by the Trustee against the Debtors' professionals, including, without limitation, Hughes, Hubbard & Reed, LLP, WHGC, P.L.C., formerly known as Wang Hartman Gibb & Caulley, P.C., and Fitzgerald Knaier LLP, formerly known as Chapin Fitzgerald Knaier LLP; and

    b. Investigating, evaluating, negotiating, filing and/or litigating claims against the Debtors' officers and directors.

Such employment shall include, without limitation, the conducting of such informal and formal pre-litigation discovery as may be appropriate, including without limitation, examinations pursuant to Federal Rule of Bankruptcy Procedure 2004.

8. The Firm has not received a retainer from the Trustee in these cases. Subject to the

Case: 13-30340    Doc# 298    Filed: 10/02/15    Entered: 10/02/15 14:00:28    Page 2 of 15

2

applicable provisions of the Bankruptcy Code, the Trustee proposes to retain the firm on a contingency fee basis pursuant to Section 328(a) of the Bankruptcy Code. The Firm will be paid out of any recovery obtained through settlement, judgment or otherwise. The contingency fee shall be:

- Twenty-Five Percent (25%) of any gross recovery obtained through settlement, judgment or otherwise prior to the filing of a complaint against the applicable defendant;
- Thirty Percent (30%) of any gross recovery obtained through settlement, judgment or otherwise prior to sixty (60) days before the originally-set trial date; or
- Forty Percent (40%) of any gross recovery obtained through settlement, judgment or otherwise thereafter.

The Trustee and the Firm agree that the Firm's compensation on a contingent fee basis shall be reviewed only to the extent permitted by Section 328 of the Bankruptcy Code.

9. Any purportedly secured claim against proceeds from litigation claims of the Trustee brought on behalf of the bankruptcy estates shall not be entitled to attach to the contingency fee portion of the recovery, or the reimbursement of costs or expenses advanced by the Firm. The Firm believes that this provision is reasonable because the Firm's services as Special Litigation Counsel on a contingency fee basis will provide a direct and substantial benefit to the bankruptcy estates.

10. In addition to the contingency fee for services, the Trustee will pay and reimburse the Firm for its actual and necessary out-of-pocket costs and expenses, including but not limited to costs for experts, incurred in connection with the engagement, subject to Court approval, which will be sought by periodic applications to the Court pursuant to Sections 330 and 331 of the Bankruptcy Code.

11. The Firm understands and agrees to accept employment on the grounds that payment of the contingency fee with respect to any recovery, whether by settlement, judgment or otherwise, and the reimbursement of any costs and expenses, shall be subject to the above terms and the approval of the Court after the filing of an application in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

12. To the extent that the Trustee's prior Special Litigation Counsel, Brown Rudnick LLP, asserts a *quantum meruit* claim, the amount ultimately awarded by the Court on a *quantum meruit* basis to Brown Rudnick LLP shall be deducted from the total contingency fees paid to the Firm.

13. In the event the bankruptcy cases are dismissed prior to approval of a settlement or entry of a judgment in any action commenced by the Firm on behalf of the Trustee, the Firm shall be entitled to, and provided the opportunity to, apply prior to such dismissal, for allowance and payment of an administrative claim for all of its fees incurred, based on its usual hourly rates, plus a multiple thereof as approved by the Court, plus its costs, including hourly fees incurred to date. The Firm has found that where issues are significant, debtors and others have sometimes attempted to dismiss or convert bankruptcy cases after purchasing (or arranging for third parties to purchase) claims in bankruptcy cases. The Firm seeks this additional protection to provide certainty to the Firm in this matter.

14. The Firm reserves the right to request a fee enhancement or bonus for the Firm beyond the contingency fee and reimbursement of costs and expenses if appropriate. Any such request will be filed with the Court through a noticed application or motion, and subject to Court approval.

15. The Firm is familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the Court's Guidelines for Compensation and Expense Reimbursement of Professional and Trustees located on the website for the United States Bankruptcy Court for the Northern District of California, and the Practices and Procedures in Judge Montali's Court (July 2015), and will comply with them.

16. To the best of my knowledge, after diligent inquiry, the Firm is "disinterested" in that it has no connection with the Debtors, their creditors, any other party in interest herein, their respective attorneys or professionals, the United States Trustee or any person employed in the Office of the United States Trustee, except as set forth in this declaration. In regard to the Office of the United States Trustee, David Seror is a partner at the Firm and is a panel Chapter 7 trustee in the Central District of California.

17. The Firm has made the following investigation of potential adverse interests prior to submitting this declaration. The Firm has undertaken a full and thorough review of its electronic database as part of the conflicts check.

18. The Firm regularly checks its files to determine if it holds any adverse interest, or represents any creditor or party-in-interest with an interest adverse to the Trustee or the estates. After a diligent search, to the best of my knowledge, the Firm does not hold or represent any interest adverse to

the Trustee, the Debtors or the estates with respect to the matters for which it will be employed as Special Litigation Counsel. The Firm has run the following parties through its conflicts database: (a) the potential defendants listed in the Application, Hughes, Hubbard & Reed, LLP, WHGC, P.L.C., formerly known as Wang Hartman Gibb & Caulley, P.C., and Fitzgerald Knaier LLP, formerly known as Chapin Fitzgerald Knaier LLP; (b) the Debtors; (c) the Debtors' purported secured creditors listed in the Debtors' statements and schedules; (d) the Debtors' 20 largest unsecured creditors according to the Debtors' list of such creditors; and (e) the other creditors listed in the Debtors' statements and schedules.

19. Based on the foregoing conflicts search and to the best of my knowledge, the Firm's only connections with the Debtors and the creditors listed above is the following:

   a. John Hall is listed as a creditor of the Debtors. A person named John Hall was a creditor in a bankruptcy case titled *In re Adrian Gunnar Williams*, Case No. 1:13-bk-15495-MT, a case that was pending in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division. The Firm represented Nancy J. Zamora, Chapter 7 Trustee in that case.

   b. Cooley LLP is listed as the "c/o" recipient for Qualcomm Incorporated in the Debtors' statements and schedules. Cooley LLP and Cooley Godward Kronish LLP have been attorneys in various cases in which the Firm was or is an attorney for a party.

20. Attorneys for parties-in-interest or creditors such as Cooley LLP, and counsel for the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP ("PSZJ"), have been attorneys in other cases in which the Firm has been involved as lawyers for a party, and in certain cases as lawyers for the same party in different roles such as general counsel and special litigation counsel for a trustee. A partner at PSZJ has also been a mediator in adversary proceedings in which the Firm represented a party.

21. The conflicts search did not show any connections with respect to the potential defendants listed herein. I believe that the connections listed above do not create an adverse interest and do not affect the Firm's disinterestedness for its role as Special Litigation Counsel pursuant to Bankruptcy Code Section 327(c) and applicable case law.

22. The Firm will file a supplemental disclosure if appropriate to do so.

23. There are no sharing arrangements between the Firm and any other entity for fees paid or to be paid in connection with these cases, except as among partners and employees of the Firm.

24. The Firm is not a creditor, equity security holder or an insider of the Debtors.

25. The Firm is not and was not an investment banker for any outstanding security of the Debtors. The Firm is not and was not, within three years before the filing of the petitions in the Debtors' bankruptcy cases, an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtors.

26. The Firm has no connections to any insider of the Debtors.

27. Neither the Firm nor any partner or employee of the Firm is or was, within two years before the date of the filing of the petitions herein, a director, officer or employee of the Debtors.

28. Neither the Firm nor any partner or employee of the Firm has an interest materially adverse to the interest of the Debtors' estates or of any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. Neither the Firm nor any of its partners or employees represent any interest adverse to that of the Trustee, the estates, the Debtors or creditors as to the matters on which the Firm is to be retained.

29. The Firm does not employ any person who is related to a judge of this Court or to an employee of the Office of the United States Trustee (subject to the above disclosure that David Seror, a partner at the Firm, is a panel Chapter 7 trustee in the Central District of California).

30. Accordingly, the Firm is qualified to represent the Trustee as Special Litigation Counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 1, 2015 at Woodland Hills, California.

_____
Corey R. Weber




# Corey R. Weber

**Partner**



cweber@ebg-law.com

818-827-9122

Download vCard

LinkedIn

Corey is a litigator in bankruptcy, business and commercial litigation. His background and education in business, having also received a MBA, provides a unique perspective in litigating complex adversary proceedings in bankruptcy cases, and in federal and state court businesses and commercial litigation.

Corey represents bankruptcy trustees, creditors, committees of unsecured creditors, assignees for the benefit of creditors, receivers, municipalities and "clawback" plaintiffs and defendants in contested matters and adversary proceedings in bankruptcy proceedings, and in federal and state court litigation. He frequently litigates complex fraudulent transfer and preference actions, including fraudulent transfer actions in Ponzi scheme cases.

Corey worked for IBM's international financial consolidation group within IBM's personal computer division while earning his MBA from the University of Notre Dame. His strong business and finance background allows him to provide advice and counsel in cases involving multifaceted financial and business issues, fraud, breaches of duty and fraudulent transfers.

Corey is the Co-Vice Chair of the Insolvency Law Committee for 2014-2015. The Insolvency Law Committee is a standing committee of the Business Law Section of the State Bar of California. Corey was previously appointed by the Executive Committee of the State Bar of California Business Law Section as a member of the Insolvency Law Committee in 2012, and served as the *Insolvency Law e-Bulletin* Co-Editor-in-Chief for 2013-2014.

### Cited/Reported Decisions

> Rund v. Bank of America, N.A., et al. (*In re EPD Investment Co., LLC*), 523 B.R. 680 (9th Cir. BAP 2015).
> *In re EPD Investment Co., LLC*, 2013 WL 5352953 (C.D. Cal. 2013).
> *In re Sharp v. Bryan Cave LLP, et al.* (*In re Estate Financial Mortgage Fund, LLC*)/*Jeremiassen v. Bryan Cave LLP, et al.* (*In re Estate Financial, Inc.*), 565 Fed.Appx. 628 (9th Cir. 2014).

### Practice Areas

Commercial Bankruptcy & Insolvency
Commercial Collection, Creditor's Rights & Remedies
Commercial Litigation

### Industries

Banking & Finance
Government & Municipalities



## Representative Matters

*In re Estate Financial, Inc.* (special litigation counsel for the Chapter 11 Trustee in an adversary proceeding against Bryan Cave LLP).

*In re Ruderman Capital Partners, LLC* (special litigation counsel for the Chapter 7 Trustee in preference and fraudulent transfer litigation).

*In re Automated Finance Corp., et al.* (general counsel for the Chapter 7 Trustee).

*In re EPD Investment Co., LLC* (special litigation counsel for the Chapter 7 Trustee).

*In re Lehman Brothers Holdings, Inc.* (represent California municipalities with claims in the bankruptcy case).

*In re Queen's Seaport Development, Inc.* (represented the City of Long Beach, a creditor, landlord and party-in-interest, in the Queen Mary bankruptcy case and in adversary cases within the bankruptcy case).

*In re Lux Corporation* (represented the Official Committee of Unsecured Creditors in the prosecution of preference and fraudulent conveyance actions within the bankruptcy case for the Mr. Rags chain of surf/skate retail stores and in preparing and obtaining approval for a creditors' plan of liquidation, and then represented the Liquidating Trust).

*In re Mountain High Hosiery, Ltd.* (special litigation counsel for the Chapter 7 Trustee).

## Education

University of California at Irvine, B.A., 1995

University of Southern California School of Law, J.D., 1999

University of Notre Dame, M.B.A., Finance and Marketing, 2001

## Admissions, Memberships and Qualifications

State Bar of California

U.S. District Courts for the Central, Northern, Southern and Eastern Districts of California; U.S. Court of Appeals for the Ninth Circuit; and the United States Supreme Court

Judicial Extern for the Honorable Alex Kozinski, U.S. Court of Appeals for the Ninth Circuit

State Bar of California Business Law Section, American Bankruptcy Institute and Los Angeles County Bar Association

Former Chairman, California Republican Lawyers Association

Co-Chair, California Lawyers for Bush-Cheney (2004)

## Publications & Presentations

Panelist, Strafford Publications Webinar, Bankruptcy Authority Post Stern, Bellingham and Wellness: Navigating the Uncertainties in Claims Litigation, July 9, 2015

Co-Author, "Ponzi Schemes and Poker– Is Recovering Gambling Losses a Winning Hand?" *Business Law News* (a publication of the Business Law Section of the State Bar of California) Issue 3, December 2014

Panelist, Strafford Publications Webinar, Fraudulent Transfer Claims: LBOs and Sec. 546 (e), Law Partner Profit Clawbacks, Jurisdiction, and Limiting Damages, July 22, 2014

Panelist, Strafford Publications Webinar, Ponzi Scheme Clawback Litigation in Bankruptcy: Bringing or Defending Claims, March 11, 2014

"ILC Members Report on U.S. Supreme Court Oral Argument from *In re Bellingham*," State Bar of California Business Law Section E-News, February 2014

Panelist, Strafford Publications Webinar, Post *Stern v. Marshall*: Navigating Uncertainties in Bankruptcy Claims Litigation, November 26, 2013

Panelist, Bankruptcy Basics, State Bar of California Solo and Small Firm Summit, June 22, 2013

"Q&A With Ezra Brutzkus Gubner's Corey Weber," *Law360*, May 06, 2013

Panelist, Strafford Publications Webinar, Ponzi Scheme Clawback Litigation: Bringing or Defending Claims, March 12, 2013

Panelist, Strafford Publications Webinar, *Stern v. Marshall*: One Year Later, September 13, 2012

Panelist, Strafford Publications Webinar, Proving or Contesting Insolvency Under the Balance Sheet Test, May 10, 2012

Panelist, Strafford Publications Webinar, Fraudulent Transfers: Ponzi Clawback Litigation, March 14, 2012

Panelist, Strafford Publications Webinar, Bankruptcy Litigation: Far Reaching Impact of *Stern v. Marshall*, October 13, 2011

Panelist, Strafford Publications Webinar, Fraudulent Transfers: Ponzi Scheme Clawback Litigation in Bankruptcy, August 17, 2011

Speaker, Credit Management Association (CMA) "Ask the Experts Panel," CMA Annual Meeting 2011

Selected for inclusion in the Rising Star editions of *Super Lawyers Magazine* for Southern California 2006-2013



**Los Angeles**
21650 Oxnard Street, Suite 600
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Fax: (818) 827-9099

**Las Vegas**
4475 S. Pecos Road
Las Vegas, NV 89121
Telephone: (866) EBG-4LAW
Fax: (866) 995-0215



© 2012 Ezra Brutzkus Gubner LLP
Web Services by Horowitz Agency




# Larry W. Gabriel
**Of Counsel**



lgabriel@ebg-law.com

818-827-9147

Download vCard

LinkedIn

Larry specializes in bankruptcy litigation with emphasis on the prosecution of directors and officers and professional malpractice claims and on commercial litigation matters. A member of the California Bar since 1975, he has been at the forefront of many of the leading bankruptcy litigation cases over the past several years, including representing the Trustees before the Ninth Circuit in: *In the Matter of Estate Financial, Inc., Jeremiassen v. Bryan Cave,* U.S. Court of Appeal Case No. 12-56009 (decided March 24, 2014); *In the Matter of Fitness Holdings International, Inc., Official Committee of Unsecured Creditors of the Estate of Fitness Holdings International, Inc. v. Hancock Park Capital II, L.P., Pacific Western Bank, et. al.,* 714 F.3d 1141 (9th Cir. 2013); and *In re First Alliance Mortgage, Inc., Henry v. Lehman Commercial Paper, Inc.* 471 F.3d 977 (9th Cir. 2006). Over the span of his career, Larry has represented State Street Bank and Trust, Xerox Corporation, Bank of America, Imperial Bank, AARP and the State of Alaska.

### Practice Areas

Commercial Bankruptcy & Insolvency
Commercial Collection, Creditor's Rights & Remedies
Commercial Litigation
Corporate & Business
Real Estate
Government & Municipalities

### Industries

Banking & Finance

## Representative Matters

Successfully represented Estate Financial Inc.'s chapter 11 trustee, Thomas P. Jeremiassen, in an appeal to the 9th Circuit, which reversed the District Court's dismissal of a $100 million lawsuit against the international law firm Bryan Cave, LLP.

Successfully represented the Chapter 7 Trustee of the Estate of Fitness Holdings, Inc., in an appeal to the 9th Circuit, obtaining an order clarifying 9th Circuit law that bankruptcy courts have the authority to "recharcterize" debt to equity in addressing constructive fraudulent transfer claims brought under 11 U.S.C. § 548(a)(1)(B).  (*In the Matter of Fitness Holdings International, Inc., Official Committee of Unsecured Creditors of the Estate of Fitness Holdings International, Inc. v. Hancock Park Capital II, L.P., Pacific Western Bank, et. al., United States Court of Appeals for the Ninth Circuit, No. 11-56677, April 30, 2013) (2013 WL 1800000 (C.A.9 (Cal.)).*

Special litigation counsel to Trustee *In re Mary Perkins* (a $30 million mortgage fraud investment scheme).

Special litigation counsel to Trustee *In re Estate Financial Inc.,* prosecuting claims with damages in excess of $88 million.

### Education

Southern Illinois University, B.A., 1970

De Paul University, J.D., 1974

Lead Class Counsel to *In re Quality Home Loans* (a $60 million mortgage investment scheme) in claims against the company's officers and directors

Represented the Official Borrowers Committee in the First Alliance Mortgage bankruptcy, and represented the Liquidating Trustee in a $400 million equitable subordination claim based upon "aiding and abetting" a mortgage fraud program against Lehman Brothers, Inc., *Henry v. Lehman Commercial Paper, Inc. 471 F.3d 977 (9th Cir. 2006)*.

Recovered $2 million on behalf of *The Examiner* from former officers and directors in the *In re CenterStaging Musical Productions, Inc.*) bankruptcy.

Represented the receiver in *In re Norman David Stark/JPS Corporation, [131 Cal. App. 4th 184 (2005), cert denied Case No. S136969, Oct 19, 2005)]*, the first reported case involving the use of a receiver by a state agency involving a criminal business enterprise.

Represented Pension Plan Sponsors and Trustees ($1,000,000,000 in contract claims) in the Executive Life Insurance Conservation proceedings.

Represented State Street Bank in a suit against Mutual of New York for breach of contract and ERISA violations. The matter, tried before a jury, settled after completion of the trial on terms favorable to State Street.

Represented Pension Plan Sponsors and Trustees in the Mutual Benefit Life Insurance Company Conservation proceedings. Participated on the steering committee of "Pension GIC" contract holders.

Represented the American Bar Association's Pension Plan in objecting to the demutualization of Equitable Life.

Defended Travelers Insurance Company in a $50 million lender liability claim brought by defendants in response to a foreclosure action instituted by Travelers. The matter was tried before a jury and settled on appeal.

Represented CCB in breach of contract claim against LCB. Claim arose out of the failure of LCB to complete the acquisition of CCB. Judgment for CCB in excess of $5,000,000 plus award of attorneys fees.

Represented president of failed bank in directors/officers litigation against former bank president, United States District Court, Central Dist. of California

Defended Imperial Bank against $10,000,000 claim by F.D.I.C. Complaint alleged Bank was negligent in handling wire transfers causing the closure of a South Dakota bank.

Prosecuted $23 million bank fraud action arising out of a "check kiting" scheme. The Bank sustained no loss as a result of the recoveries made from the litigation.

## Admissions, Memberships and Qualifications

California State Bar

Illinois State Bar

U.S. District Court

Los Angeles County Bar Association

## Publications & Presentations

Author, "Another Arrow In The Chapter 11 Trustee's Quiver," *Law360*, May 2014

Source, "9th Circ. Revives $100M Bryan Cave Legal Malpractice Suits," *Law360*, March, 2014

Source, "Proskauer, Chadbourne Could Face Billions In Damages," *Law360*, February, 2014

5th, 7th, and 9th Circuits Courts of Appeal

United States Supreme Court

Adjunct Professor (Business Law), College of the Desert (2005-2007)

Member, City Council, City of Hidden Hills, California (1997-2002).  Mayor Pro Tem (1998-2002)

Representative, Las Virgenes Council of Governments (2000-2002); Planning Commissioner – City of Hidden Hills (1991-1993)

Adjunct Professor of Law (Banking), Pepperdine University (1987-1989)

Judge Pro Tem, Beverly Hills Municipal Court (1982-1990)

Board of Directors, Calabasas Country Club (President, 2004-5)

Source, "Detroit Judge's Ch. 9 Ruling Will Fire Up Pension Dispute," *Law360*, December, 2013

"The Impact of Recent Developments at Lloyd's – Insolvencies, Limited Liability, Changes in Membership By-Laws, Credit Risk Associated with Lloyd's Names on 'Old Years' Policies and Equitas, Lloyd's American Trust Funds – From the Perspective of U.S. Policyholders," *American Bar Association International Insurance Law and Practice*, May 5, 1995, London, England.

"Receivers' ERISA Fiduciary Responsibilities — Fact or Fiction," National Association of Insurance Commissioners ("NAIC"), The Society of Insurance Receivers Insolvency Workshop, February 6, 1995, Savannah, Georgia.

Speaker, "1994 Receivers and Guaranty Funds in Life Insurance Insolvency Proceedings: The Need For Reform."

Speaker, "Solvency Concerns With Foreign Insurers and Reinsurers/Recent Developments/US Reform Efforts;" ABA National Institute

Author, "Ramifications of a Check Kite-Liability Between Banks," *Pacific Banker and Business*, March 1983.

Author, "Check Kiting – The Implications of a Discovering Bank's Actions on Its Right of Recovery," *Banking News*, November 15, 1982.

Author, "Ramifications of a Check Kite – Liability Between Banks;" *Reprinted Independent Banker*, January, 1983



Los Angeles
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Fax: (818) 827-9099

Las Vegas
4475 S. Pecos Road
Las Vegas, NV 89121
Telephone: (866) EBG-4LAW
Fax: (866) 995-0215

YOUR COUNSEL MATTERS®

© 2012 Ezra Brutzkus Gubner LLP
Web Services by Horowitz Agency




# Jason B. Komorsky

Partner



jkomorsky@ebg-law.com

818-827-9155

Download vCard

LinkedIn

Jason represents Fortune 500 companies and other businesses in commercial litigation with an emphasis on insurance recovery in both federal and state courts. His sought out insurance experience includes matters relating to general liability, workers' compensation, D&O and E&O, first-party property, and business interruption. He has settled and/or litigated matters to judgment involving product liability coverage, , asbestos/silica bodily injury, toxic torts, environmental property damage and corporate malfeasance. He specializes in the energy, chemical, manufacturing, retail, banking, and financial services industries.

Jason also represents asbestos settlement trusts created pursuant to 11 U.S.C. §524(g), and counsels clients on insurance procurement, commercial and captive insurance programs, claims notifications and other insurance-related matters. He is well known for his work with historic comprehensive general liability, umbrella and excess, Bermuda Form and occurrence-based policies.

In addition to his broad insurance litigation background, Jason's practice also focuses on insolvency claims, including several massive recoveries on behalf of clients in the Home Insurance Company liquidation.

### Practice Areas

Commercial Bankruptcy & Insolvency
Commercial Litigation
Labor & Employment

### Industries

Apparel & Fashion
Banking & Finance

## Representative Matters

Secured $242.5 and $103.73 million allowed claims on behalf of clients in the Home Insurance Company liquidation.

Successfully resolved claims in the Integrity Insurance Company and the Midland Insurance Company liquidations.

Secured a judgment allowing a corporate insured to direct access to reinsurance proceeds for its company's historic workers' compensation claims after the insurer was declared insolvent.

### Education

University of California, Berkeley, 1986, B.A.

University of California, Hastings College of Law, 1991, J.D.

## Admissions, Memberships and Qualifications

Admitted to practice in California

Update Author, *California Liability Insurance Practice: Claims & Litigation*, a CEB publication

Former Chair, Morgan Lewis Pro Bono Committee

Past Director, Los Angeles County Bar Foundation



**Los Angeles**
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Fax: (818) 827-9099

**Las Vegas**
4475 S. Pecos Road
Las Vegas, NV 89121
Telephone: (866) EBG-4LAW
Fax: (866) 995-0215



© 2012 Ezra Brutzkus Gubner LLP
Web Services by Horowitz Agency



**Warner Center**
**21650 Oxnard Street, Suite 500**
**Woodland Hills, CA 91367**
**T (818) 827-9000**
**F (818) 827-9099**
**www.ebg-law.com**

| EBG Standard Hourly Rate Schedule – Effective 01/01/2015 | | |
|---|---|---|
| **Professional** | **Professional Type** | **2015 Hourly Rate** |
| Mark D. Brutzkus | Partner | $ 625.00 |
| Steven T. Gubner | Partner | $ 795.00 |
| Nicholas Rozansky | Partner | $ 595.00 |
| David Seror | Partner | $ 625.00 |
| Corey R. Weber | Partner | $ 595.00 |
| Robert Ezra | Partner | $ 675.00 |
| Joseph Balice | Partner | $ 495.00 |
| Jerrold L. Bregman | Partner | $ 575.00 |
| Richard Burstein | Partner | $ 625.00 |
| J. Alison Grabell | Partner | $ 550.00 |
| Jeffrey A. Kobulnick | Partner | $ 550.00 |
| Jason B. Komorsky | Partner | $ 595.00 |
| Robyn B. Sokol | Partner | $ 625.00 |
| Ronald Abrams | Of Counsel | $ 495.00 |
| Susan Baker | Of Counsel | $ 550.00 |
| Racey Cohn | Of Counsel | $ 495.00 |
| Keith Elder | Of Counsel | $ 595.00 |
| Larry Gabriel | Of Counsel | $ 625.00 |
| Deborah Greaves | Of Counsel | $ 495.00 |
| Talin Keshishian | Of Counsel | $ 525.00 |
| Stuart Y. Kim | Of Counsel | $ 625.00 |
| Susan Seflin | Of Counsel | $ 595.00 |
| Jessica Bagdanov | Associate | $ 425.00 |
| Reagan Boyce | Associate | $ 495.00 |
| Travis M. Daniels | Associate | $ 350.00 |
| Michael W. Davis | Associate | $ 475.00 |
| Joseph M. Rothberg | Associate | $ 425.00 |
| Maria Abel | Paralegal | $ 230.00 |
| Karla Bagley | Paralegal | $ 280.00 |
| Lora De La Portilla | Paralegal | $ 250.00 |
| Tina Dow | Paralegal | $ 240.00 |
| Melody Evans | Paralegal | $ 195.00 |
| Susan Robbins | Paralegal | $ 260.00 |
| Juanita Treshinsky | Paralegal | $ 270.00 |
| Margaret Tzeng | Paralegal | $ 240.00 |
| Sheri Broffman | Trademark Administrator | $ 235.00 |
| | Litigation Support | $ 125.00 |
| | Law Clerk | $ 100.00 |