LARRY W. GABRIEL – Bar No. 68329
COREY R. WEBER – Bar No. 205912
JASON B. KOMORSKY – Bar No. 155677
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: lgabriel@brutzkusgubner.com
       cweber@brutzkusgubner.com
       jkomorsky@brutzkusgubner.com

Special Litigation Counsel for
Kavita Gupta, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>GABRIEL TECHNOLOGIES CORPORATION *et al.*,<br><br>Debtors.<br><br>E.I.N. 22-3062052; 20-1711149 | Case No. 13-30340-DM<br><br>(Jointly Administered with Case No. 13-30341)<br><br>Chapter 7 Proceedings<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT WITH HUGHES HUBBARD & REED LLP**<br><br>[Fed. R. Bankr. P. 9019]<br><br>[Notice of Hearing, Memorandum of Points and Authorities, and Declarations in support filed concurrently herewith]<br><br>Hearing:<br>Date: September 16, 2016<br>Time: 10:00 a.m.<br>Place: Courtroom 17<br>      United States Bankruptcy Court<br>      450 Golden Gate Avenue, 16th Floor<br>      San Francisco, California 94102 |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST:**

Kavita Gupta, the chapter 7 trustee (the "Trustee") for the bankruptcy estates of Debtor Gabriel Technologies Corporation, Bankruptcy Case No. 13-30340, and Debtor Trace Technologies, LLC, Bankruptcy Case No. 13-30341 (collectively, the "Estates"), pursuant to 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, hereby moves the Court for the entry of an order authorizing and approving a settlement (the "Settlement") by and between the Trustee and Hughes Hubbard & Reed LLP ("Hughes Hubbard"), and for a finding that the Settlement is fair and reasonable and in the best interest of the creditors of the Estates (the "9019 Motion"). The Settlement resolves any and all claims that the Trustee asserts the Estates have or may have against the Debtors' former counsel, Hughes Hubbard, including certain present and former lawyers at Hughes Hubbard and others related to Hughes Hubbard, in connection with and arising out of (a) its representation of the Debtors in the action entitled *In re Gabriel Technologies Corporation and Trace Technologies, LLC v. Qualcomm Incorporated, Snaptrack, Inc. and Norman Krasner*, Case No. 08-CV-1992, which was pending in the United States District Court for the Southern District of California, and the appeal thereof entitled, *Gabriel Technologies Corporation and Trace Technologies, LLC v. Qualcomm Incorporated, Snaptrack, Inc. and Norman Krasner*, Case No. 13-1205, which was pending in the United States Court of Appeals for the Federal Circuit (the "Action"), and (b) their alleged efforts and opinions provided to secure funds from any Person or entity to pay the fees, expenses and costs of the Action.

The Settlement is memorialized in a Settlement Agreement, a true and correct copy of which is attached as Exhibit 1 hereto and to the Declaration of Kavita Gupta (the "Gupta Declaration"), filed concurrently herewith, and the terms of which are incorporated herein by reference (the "Settlement Agreement").

Approval of the Settlement and the Settlement Agreement is conditional upon approval by this Court of the Trustee's *Motion for Good Faith Settlement Determination Regarding the Settlement Between Kavita Gupta, as Chapter 7 Trustee for Consolidated Estates, and Hughes*

*Hubbard & Reed LLP* (the "Good Faith Settlement Motion"), pursuant to California Code of Civil Procedure § 877.6 *et seq.*, which is being filed concurrently herewith.

The Trustee's Notice of Hearing, Memorandum of Points and Authorities, and Declarations in support of the 9019 Motion are filed concurrently herewith.

The 9019 Motion is supported by the (i) Notice of Hearing, (ii) Memorandum of Points and Authorities, (iii) the Gupta Declaration and (iv) the Declaration of Larry W. Gabriel, (v) the request for judicial notice in support of the 9019 Motion, the entire record before the Court, those matters of which this Court may or must take judicial notice, and such further evidence and argument that may be presented at or before the hearing of the 9019 Motion.

Dated: August 10, 2016        BRUTZKUS GUBNER

By: /s/ Larry W. Gabriel
Larry W. Gabriel
Special Litigation Counsel for Kavita Gupta,
Chapter 7 Trustee for the bankruptcy estates of
Gabriel Technologies Corporation and Trace
Technologies, LLC

SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (the "Agreement") is entered into by and between Kavita Gupta, solely in her capacity as the Chapter 7 Trustee (the "Trustee") for the bankruptcy estates of debtors Gabriel Technologies Corporation, Bankruptcy Case No. 13-30340, and Trace Technologies, LLC, Bankruptcy Case No. 13-30341 (collectively, the "Estates"), which are jointly administered and pending in the United States Bankruptcy Court for the Northern District of California, San Francisco Division (collectively with all related bankruptcy cases and adversary proceedings, the "Bankruptcy Cases"), on the one hand, and Hughes Hubbard & Reed LLP ("Hughes Hubbard"), on the other hand. The Trustee on behalf of the Estates and Hughes Hubbard (referred to herein as the "Parties" and each a "Party") agree as follows:

I. RECITALS

A. WHEREAS, the provisions of this section are substantive and are not intended as mere recitals; and

B. WHEREAS, on February 14, 2013, Gabriel Technologies Corporation and Trace Technologies, LLC (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* in the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court"), the Honorable Dennis Montali, United States Bankruptcy Court Judge presiding; and

C. WHEREAS, on July 8, 2014, the Debtors' Chapter 11 cases were converted to Chapter 7 cases, and the Trustee was subsequently appointed as the Chapter 7 Trustee for the Debtors' Estates (Docket No. 249); and

D. WHEREAS, pursuant to applicable statutes and case law, the Trustee is authorized to pursue and prosecute claims and may, subject to Bankruptcy Court approval, enter into settlements and compromises of claims; and

E. WHEREAS, the Trustee asserts that the Trustee, on behalf of the Estates, has professional negligence, malpractice, breach of fiduciary duty, and related claims against Hughes Hubbard and certain present and former lawyers at Hughes Hubbard arising out of (a) their representation of the Debtors in the action entitled *Gabriel Technologies Corporation and Trace Technologies, LLC v. Qualcomm Incorporated, Snaptrack, Inc. and Norman Krasner*, Case No.

1

EXHIBIT 1

08-CV-1992, which was pending in the United States District Court, Southern District of California, and the appeal thereof entitled *Gabriel Technologies Corporation and Trace Technologies, LLC v. Qualcomm Incorporated, Snaptrack, Inc. and Norman Krasner*, Case No. 13-1205, which was pending in the United States Court of Appeals for the Federal Circuit (collectively, the "Action"), and (b) their alleged efforts and opinions provided to secure funds from any Person or entity to pay the fees, expenses and costs of the Action. (All of the foregoing Claims and any other matter related in any way to the Debtors or the Estates are referred to collectively as the "Professional Negligence Claims"); and,

F. WHEREAS, Hughes Hubbard contends that the Professional Negligence Claims have no merit and are subject to applicable defenses; and,

G. WHEREAS, the Trustee and Hughes Hubbard had previously entered into tolling stipulations and amendments extending the time for the Trustee to file an action against Hughes Hubbard through August 1, 2016; and, based thereon, the Trustee has not yet filed a formal proceeding against Hughes Hubbard for the Professional Negligence Claims she alleges she is entitled to pursue; and,

H. WHEREAS, the Parties recently participated in a full-day mediation with the Honorable Edward Infante (Ret. Chief Magistrate Judge of the United States District Court for the Northern District of California) of JAMS on March 7, 2016; and continued settlement discussions following the mediation using Judge Infante as the mediator; and,

I. WHEREAS, as a result of the mediation and the post-mediation efforts of Judge Infante, the Parties accepted a mediator's proposal which will resolve all Claims between the Parties.

NOW, THEREFORE, in consideration of the mutual terms, covenants and conditions contained herein, the Parties hereby agree as follows:

II. DEFINITIONS

In addition to any terms defined elsewhere in this Agreement, the following definitions shall apply to this Agreement.

A. "Claim" shall mean any actual or potential claim, action, cause of action, defense, liability, obligation, right, suit, debt, sum of money, damage, judgment, demand of any nature whatsoever, proceeding to recover money or property, or proceeding against a Person or entity or

2

his, her or its property, whether or not reduced to judgment, and whether or not liquidated, unliquidated, fixed, contingent, matured, unmatured, known, unknown, disputed, undisputed, legal, equitable, secured or unsecured.

B.    "Estates' Related Parties" means and refers to the Debtors, the Estates, the Trustee in her representative and personal capacities, and the Trustee's professionals, including but not limited to Gupta Ferrer LLP, Brutzkus Gubner Rozansky Seror Weber LLP, Squar Milner, LLP, as well as their respective current and former lawyers, partners, shareholders, associates, and employees.

C.    "Final Order" means the later of: (i) the date on which the time to file an objection and/or a notice of appeal as to the orders for approving the Rule 9019 Motion (defined in Section III(1)(a) below) and the Good Faith Settlement Motion (defined in Section III(1)(c) below) entered pursuant to this Agreement has run without a timely objection and/or notice of appeal having been filed, or (ii) the date on which any appeal of the orders approving the Rule 9019 Motion and the Good Faith Settlement Motion and entered pursuant to this Agreement (or any further appeal from that appeal) is finally dismissed or otherwise affirmed, no further appeals may be taken, and a mandate has issued.

D.    "Hughes Hubbard Related Parties" means and refers to Hughes Hubbard & Reed, LLP and all of its respective past and present members, partners, associates, counsel, of counsel, senior counsel, owners, affiliates, officers, directors, board members, related entities, employees, employers, independent contractors, contractors, shareholders, professional corporations, servants, professionals, agents, attorneys (including but not limited to, Gibson, Dunn & Crutcher LLP, as well as their respective current and former lawyers, partners, shareholders, associates, and employees), as well as all of their current and former predecessors, successors, insurers, reinsurers, heirs, spouses, partners, trusts, trustees, beneficiaries, assigns, and any other representatives and agents.

E.    "Person" means individual, partnership, and corporation.

3

Case: 13-30340    Doc# 321    Filed: 08/11/16    Entered: 08/11/16 14:08:35    Page 6 of 16

## III. TERMS OF AGREEMENT

1.  **Conditions Precedent.** This Agreement is contingent upon the following, and if any of the following conditions precedent are not met, this Agreement shall be void and of no force and effect:

    a.  The filing of a motion by the Trustee seeking the approval of the terms of this Agreement in accordance with Federal Rules of Bankruptcy Procedure 9019 (the "Rule 9019 Motion"). The Trustee agrees to serve all documents pertaining to the Rule 9019 Motion in accordance with the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules;

    b.  The Bankruptcy Court enters an order approving the Rule 9019 Motion and such order becomes a Final Order;

    c.  The filing of a motion by the Trustee seeking confirmation that this Agreement was made and entered into in good faith within the meaning of California Code of Civil Procedure Section 877.6 (the "Good Faith Settlement Motion"). The Trustee agrees to serve all documents pertaining to the Good Faith Settlement Motion in accordance with the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules; and

    d.  The Bankruptcy Court enters an order approving the Good Faith Settlement Motion and such order becomes a Final Order.

2.  **Effective Date of Agreement.** This Agreement shall be effective three (3) calendar days after the order approving the Rule 9019 Motion and the order approving the Good Faith Settlement Motion become Final Orders (the "Effective Date").

3.  **Settlement Payment and Manner of Settlement Payment.** On or within five (5) business days after the Effective Date, Hughes Hubbard or its insurers shall cause to be delivered Seven Million Two Hundred Fifty Thousand Dollars ($7,250,000.00) (the "Settlement Payment") to the Trustee, by an electronic wire transfer, pursuant to wire transfer instructions to be provided in writing by the Trustee. The Settlement Payment reflects the total sum of funds that Hughes Hubbard and its insurers will pay. None of the other Hughes Hubbard Related Parties is obligated to make any monetary payment or to provide any other consideration pursuant to this Agreement. The Hughes Hubbard Related Parties are not responsible in any way whatsoever for the proper distribution of the Settlement Payment or for any taxes, offsets, or any other deductions or similar payments.

4

4. **Mutual General Releases.** The releases provided below (collectively, the "Releases") will become mutually effective on the Effective Date. The Releases and California Civil Code Section 1542 waiver set forth in paragraphs 4 and 5 of this Agreement do not apply to any of the parties named in paragraphs 7 and 8 of this Agreement. The Releases and California Civil Code Section 1542 waiver set forth in paragraphs 4 and 5 of this Agreement do not apply to Claims to enforce this Agreement.

    a. **Releases by the Trustee.** The Trustee, on behalf of the Estates, themselves and on behalf of their respective successors and assigns, and anyone claiming through or under any of the foregoing, and each of them, without the necessity of executing any other document or agreement, and effective upon the Effective Date, as defined above, hereby fully release and forever discharge the Hughes Hubbard Related Parties from any and all actual or potential Claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys' fees and liabilities, including but not limited to claims for indemnity or contribution, whether known or unknown, suspected or unsuspected, arising from, relating to or in any way connected with the Professional Negligence Claims (including but not limited to any preference Claims or any Claims related to any payment of fees, expenses, costs or other sums to Hughes Hubbard). It is intended that the scope of this release be construed as broadly as possible with respect to the Hughes Hubbard Related Parties.

    b. **Releases By Hughes Hubbard.** Hughes Hubbard, for itself and on behalf of its successors and assigns, and anyone claiming through or under any of the foregoing, and each of them, without the necessity of executing any other document or agreement, and effective upon the Effective Date, as defined above, hereby fully release and forever discharge the Estates' Related Parties from any and all actual or potential Claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys' fees and liabilities, including but not limited to claims for indemnity or contribution, whether known or unknown, suspected or unsuspected, arising from, relating to or in any way connected with the Professional Negligence Claims (including but not limited to any preference Claims or any Claims related to any payment of fees, expenses, costs or other sums to Hughes Hubbard). It is intended that the scope of this release be construed as broadly as possible with respect to the Estates' Related Parties.

5

5. **General Release of Unknown Claims.** The Parties warrant, represent and agree that they are fully aware that certain jurisdictions may limit the general release of unknown Claims, of any nature whatsoever, such as, for example, California Civil Code Section 1542 (set forth below), but agree that the intent of the Parties is to waive such limitations to the fullest extent permitted by applicable law and otherwise.

> CAL. CIV. CODE SEC. 1542. GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

By executing this Agreement, the Parties hereby waive and relinquish every right or benefit that they have or might have under California Civil Code Section 1542 or any other similar or equivalent federal provision, provision of California state law, provision of any other State in the United States, provision of common law, or otherwise to the fullest extent under any such law that the Parties may lawfully waive such right or benefit with regard to the subject matter of this Agreement. The Parties acknowledge that they are aware that they might later discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention hereby fully, finally and forever to settle and release all matters, known or unknown, suspected or unsuspected, which now exist, might exist, or previously existed between the Parties. Nothing contained in the Releases or general release of unknown claims herein shall negate or impair the Parties' right to enforce this Agreement, including but not limited to the payment of the Settlement Payment.

6. **No Right to Allowed Claim.** The Hughes Hubbard Related Parties shall waive their respective rights to file or obtain an allowed Claim in the Bankruptcy Cases on any basis, including but not limited to a claim based on the Settlement Payment (or any portion thereof). To the extent that the Hughes Hubbard Related Parties filed proof(s) of claim in the Bankruptcy Cases, any and all such claims are deemed disallowed in their entirety.

7. **The Estates' Non-Released Claims.** Notwithstanding the general Releases in favor of the Hughes Hubbard Related Parties set forth above, and the general release of unknown claims, and without limiting the scope or application of those Releases, the Parties expressly understand and agree that nothing in this Agreement is intended to release any Claims of the

6

Estates against any other Persons or other entities, including, without limitation, any of the following:

      a.      The Debtors' former or current officers or directors including, without limitation, George Tingo, Jack Manning, and David Clark;

      b.      Wang Hartmann Gibbs & Cauley, P.L.C., WHGC, P.L.C., any predecessor or successor firm or entity and their present or former attorneys;

      c.      Chapin Fitzgerald Knaier, LLP, Fitzgerald Knaier LLP, any predecessor or successor firm or entity and their present or former attorneys; and

      d.      Wilmer Cutler Pickering Hale and Dorr, LLP, any predecessor or successor firm or entity and their present or former attorneys.

      8.      **Hughes Hubbard Non-Released Claims.** Notwithstanding the general Releases in favor of the Estates' Related Parties set forth above, and the general release of unknown claims, and without limiting the scope or application of those Releases, the Parties expressly understand and agree that nothing in this Agreement is intended to release any Claims by the Hughes Hubbard Related Parties against any other Persons or entities, including without limitation those identified in paragraph 7 above.

      9.      **Authority.** Each of the signatories to this Agreement warrants that he or she or it has the authority to sign on behalf of the Party to this Agreement and that no other signature is required.

      10.      **Jurisdiction.** Once the Bankruptcy Court enters the order approving the Rule 9019 Motion and the order approving the Good Faith Settlement Motion and those orders become Final Orders, the Bankruptcy Court shall retain jurisdiction over this Agreement, even after dismissal of the Bankruptcy Cases, and the Bankruptcy Court has the authority and jurisdiction to resolve any disputes arising under this Agreement or the Final Orders. If this Agreement is not approved and/or becomes or is deemed void, or the order approving the Rule 9019 Motion and the order approving the Good Faith Settlement Motion do not become Final Orders, neither this Agreement nor the act of entering into it shall be construed as constituting or indicating or in any other way indicative of any consent by the Hughes Hubbard Related Parties to the Bankruptcy Court's jurisdiction over any current or future Claims of any nature whatsoever, made by the Trustee, Debtors, Estates or any other Persons or entities.

7

11. **Choice of Law.** This Agreement shall be governed and construed in accordance with the internal laws of the State of California and, where applicable, federal law, including but not limited to the United States Bankruptcy Code.

12. **No Admission of Liability.** It is understood and agreed by the Parties hereto that this Agreement and the consideration therefor is a full, final and complete compromise and settlement of disputed Claims. This Agreement is not to be construed as an admission of liability on the part of any of the Parties. While agreeing to this settlement, Hughes Hubbard denies any liability to the Trustee, the Estates, the Debtors, or otherwise and further denies that Hughes Hubbard, or any of its lawyers, have violated any federal, state or local statute, rule or ordinance, or any common law principle, in connection with the Professional Negligence Claims or in their dealings with the Debtors or the Estates. Neither this Agreement, nor any of its terms, nor any negotiations or proceedings in connection with this Agreement, shall constitute or be construed as or be deemed to be evidence of an admission on the part of any Party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, nor any negotiations or proceedings in connection herewith, nor any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any party, or used in any proceeding for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement. Notwithstanding the foregoing, the Parties agree that this provision is not intended to be a confidentiality provision or a non-disparagement provision. The Trustee may file this Agreement as evidence in support of the Rule 9019 Motion and for any other purpose whatsoever that is related to or connected with the Estates or the Bankruptcy Cases.

13. **Counterparts.** This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument at such time as counterparts are executed which shall, in total, contain the signatures of all the Parties hereto.

14. **Construction.** This Agreement shall be construed as if all Parties hereto, and each of them, jointly prepared it, and any uncertainty or ambiguity shall not be interpreted against any one Party.

8

15. **Survival.** All of the representations, warranties and covenants provided herein shall survive the Effective Date.

16. **Binding Nature of Agreement.** This Agreement, to the fullest extent possible, shall be binding upon, inure to the benefit of, and be enforceable by the Estates' Related Parties and the Hughes Hubbard Related Parties.

17. **Integration/Entire Agreement.** This Agreement constitutes a single, fully integrated contract expressing the entire agreement of the Parties hereto. No promise, inducement or agreement other than that expressed herein has been made by any Party. Each Party for itself represents, warrants, covenants, understands and agrees that this Agreement sets forth all of the agreements, covenants and understandings of the Parties, superseding all other prior and contemporaneous oral and written agreements, representations, discussions, or promises, if any, whether written or oral, express or implied. There are no third party beneficiaries to this Agreement other than the Persons or other entities released pursuant to the Releases or otherwise as expressly provided for in this Agreement.

18. **Voluntary Agreement.** This Agreement is freely and voluntarily executed by the Parties. Each Party represents, warrants, covenants, and agrees that: (a) they have carefully and thoroughly read this Agreement; (b) they have obtained the advice of counsel of their own choosing with respect to the Agreement and its legal interpretation and implications; (c) they fully understand the terms of this Agreement and their significance; (d) they have had a full and complete opportunity to review this Agreement and to make suggestions or changes; and (e) they have bargained for this Agreement in arms-length negotiations and without acting under duress.

19. **No Assignment or Transfer of Claims.** As a condition precedent to this Agreement, the Parties each expressly represent, warrant, and covenant that they have not assigned, sold, conveyed, transferred, or otherwise disposed of any of the Professional Negligence Claims or portion thereof or any other Claims covered by the Releases herein that they may have possessed at any time that are being released by this Agreement.

20. **Attorneys' Fees and Costs.** The Parties each shall bear their own attorneys' fees expert fees, and costs with regard to or relating to all past and pending matters between the Parties, the Professional Negligence Claims, and this Agreement.

9

21. **Covenant Not To Sue.** The Parties agree and understand that the one or both of them may file an action or proceeding against the Persons or entities listed in paragraphs 7 and/or 8 of this Agreement. Each Party to this Agreement agrees not to sue the parties they have released based on the released matters.

22. **Termination/Modification.** This Agreement can be amended, revised, modified or terminated only by a writing signed by all of the Parties to this Agreement, and any modifications, revisions, or changes to this Agreement must be done in a written instrument signed by all of the Parties to this Agreement. Any amendment is subject to the approval of the Bankruptcy Court.

23. **Facsimile, Copy and .pdf Signatures.** An original, facsimile, copy or .pdf signature on this Agreement shall have the same force and effect as an original signature thereto.

24. **Notices.** All notices and other communications required by or relating to this Agreement shall be in writing and shall be deemed given when delivered by a nationally recognized overnight courier service and email to the Parties at the following addresses (or at such other address for a Party as shall be specified in writing by like notice, provided that a notice of change of address(es) shall be effective only from the date of its receipt by the other Party):

    (a)    if to the Estates, then to:

Kavita Gupta
Gupta Ferrer LLP
1300 Bristol Street North, Suite 100
Newport Beach, California 92660
Tel.:   (949) 387-4470
Fax:   (949) 258-9786
Email: kgupta@guptaferrer.com

With a copy to:

Brutzkus Gubner Rozansky Seror Weber LLP
Attention: Larry Gabriel and Corey R. Weber
Warner Center
21650 Oxnard St., Suite 500
Woodland Hills, California 91367-4911
Tel.:   (818) 827-9000
Fax:   (818) 827-9099
Email: lgabriel@brutzkusgubner.com

10

cweber@brutzkusgubner.com

(b) if to Hughes Hubbard, then to:

Hughes Hubbard and Reed LLP
Attention: James B. Kobak, Jr.
One Battery Park Plaza
New York, New York 10004-1482
Tel.: (212) 837-6757
Fax: (212) 422-4726
Email: james.kobak@hugheshubbard.com

and

Hughes Hubbard and Reed LLP
Attention: Rita Haeusler
350 South Grand Avenue, Suite 3600
Los Angeles, California 90071
Tel.: (213) 613-2896
Fax: (213) 330-3296
Email: rita.haeusler@hugheshubbard.com

With a copy to:

Gibson, Dunn & Crutcher LLP
Attention: Kevin S. Rosen
333 South Grand Avenue
Los Angeles, California 90071
Tel.: (213) 229-7635
Fax: (213) 229-6635
Email: krosen@gibsondunn.com

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates opposite their respective signatures.

DATED: *July 21, 2016*

**HUGHES HUBBARD & REED LLP**

By: *[signature]*
James B. Kobak, Jr.,

Solely In His Capacity As Its General Counsel and Authorized Representative and Not Individually

[SIGNATURES CONTINUED ON NEXT PAGE]

11

DATED: July 21, 2016     THE ESTATES

By: /s/ Kavita Gupta
Kavita Gupta,

Solely In Her Capacity As the Trustee for the Estates and Not Individually

APPROVED AS TO FORM:

DATED: 7/21/2016     GIBSON, DUNN & CRUTCHER LLP

By: /s/ Kevin S. Rosen
Kevin S. Rosen,

Solely As Counsel to Hughes Hubbard & Reed LLP

DATED: _____     BRUTZKUS GUBNER ROZANSKY SEROR WEBER LLP

By: _____

Larry Gabriel,

Solely As Counsel to Kavita Gupta in her capacity as the Trustee for the Estates

12

Case: 13-30340   Doc# 321   Filed: 08/11/16   Entered: 08/11/16 14:08:35   Page 15 of 16

DATED: _____     THE ESTATES

                              By: _____
                                  Kavita Gupta,
                              Solely In Her Capacity As the Trustee for the Estates
                              and Not Individually

APPROVED AS TO FORM:

DATED: 7/21/2016              GIBSON, DUNN & CRUTCHER LLP

                              By: _____
                                  Kevin S. Rosen,
                              Solely As Counsel to Hughes Hubbard & Reed LLP

DATED: 7/21/2016              BRUTZKUS GUBNER ROZANSKY SEROR WEBER LLP

                              By: _____
                                  Larry Gabriel,
                              Solely As Counsel to Kavita Gupta in her capacity as
                              the Trustee for the Estates

12